No. 58,238

STATE OF KANSAS, *Appellee,* v. THOMAS E. VAN CLEAVE, *Appellant.*

(716 P.2d 580)

Opinion filed March 28, 1986.

*Jillian T. Waesche,* assistant public defender, argued the cause and was on the brief for appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause and *Robert T.*

*Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Thomas E. Van Cleave appeals from his conviction of one count of aggravated indecent liberties with a child. K.S.A. 1983 Supp. 21-3504. The statute as it existed at the time of this offense classified the crime as a Class B felony. Van Cleave was sentenced on January 8, 1985, to serve a minimum term of five years and a maximum term of twenty years as provided by K.S.A. 1985 Supp. 21-4501(b).

The facts were partially disputed. The victim was the six-year-old granddaughter of the appellant and testified to the events which took place in October 1983. She contended that appellant took her into the bedroom, undressed her, pulled his own pants down, got on top of her and attempted intercourse. Other witnesses for the prosecution included the victim's mother and the police officer who interviewed the appellant. Their testimony corroborated that of the victim. Appellant testified he found his granddaughter naked on the bed, that he laid down next to her to talk and that his only physical contact with her was to put his hand on her leg. He contended that due to a broken ankle it would have been impossible for him to get on top of the victim. He also testified he did not pull his pants down or expose himself and denied the statements attributed to him by the police officer. The only other witness was Mrs. Van Cleave, who corroborated her husband's testimony. The jury believed the State's evidence and convicted the appellant.

The first issue on appeal is that appellant had ineffective assistance of counsel, and he points to certain trial proceedings which he alleges support that claim. As this issue was not raised below, the State contends it is not a proper issue before this court. We agree. The question of whether a defendant may raise the issue of ineffective assistance of counsel for the first time on appeal has been the subject of recent conflicting decisions of this court. In *State v. Porter, Green & Smith,* 228 Kan. 345, 615 P.2d 146 (1980), two of the defendants contended they had been denied the effective assistance of counsel although that issue had never been before, or determined by, the trial court. We stated:

"This issue was never raised at any time during the trial nor on the defendants' motion for a new trial. The trial court was therefore not given an opportunity to consider this issue. Since the point was not presented to or determined by the

district court, it is not properly before this court and will not be considered for the first time on appeal." p. 354.

In *State v. Chamberlain,* 234 Kan. 422, 672 P.2d 604 (1983), wherein it appeared that the appellant's claim of ineffective assistance of counsel might have merit, we stated:

"The trial judge heard the entire trial and did have the opportunity to observe and evaluate defense counsel's performance throughout, but the claim of ineffective assistance of counsel has never been presented to him. We will not consider this issue until the trial court has had an opportunity to consider and rule upon it." p. 425.

See also *State v. Roberts,* 226 Kan. 740, Syl. ¶ 3, 602 P.2d 1355 (1979), wherein Justice Prager pointed out, under similar circumstances, that the remedy, if any, is under K.S.A. 60-1507. In *State v. Pink,* 236 Kan. 715, 696 P.2d 358 (1985), the issue was again before this court and we stated:

"The State maintains that since the trial court was never given an opportunity to consider this issue, it is not properly before the appellate court. This rule is stated in *State v. Porter, Green & Smith,* 228 Kan. 345, 615 P.2d 146 (1980). However, in order to prevent a denial of fundamental rights, we may consider this issue on appeal. *State v. Puckett,* 230 Kan. 596, 598-99, 640 P.2d 1198 (1982). Since defendant Kelly received a new court-appointed counsel to represent him on appeal, we think it best serves the ends of justice to consider this issue raised by the newly appointed counsel." p. 731.

We have now determined that our holdings in the earlier cases were correct and our decision to the contrary in *Pink* is overruled. An allegation of ineffective assistance of counsel will not be considered for the first time on appeal.

The principal problem facing an appellate court when a claim of ineffective assistance of counsel is raised for the first time on appeal is that the trial court, which observed counsel's performance and was aware of the trial strategy involved, is in a much better position to consider counsel's competence than an appellate court is in reviewing the issue for the first time from a cold record. Many times what would appear in the record as an indication of ineffective counsel was fully justified under the circumstances present in the trial court. The trial judge should be the first to make a determination of such an issue and our refusal to consider the matter for the first time on appeal is sound. As Justice Prager pointed out in *Roberts,* a remedy exists under K.S.A. 60-1507. We believe there is another option which would avoid the delay and expense of a separate action and a

separate appeal. The issue arises, of course, when new counsel enters the case after trial counsel has argued a motion for new trial and filed a notice of appeal. We believe that the procedure we recommended in *State v. Shepherd,* 232 Kan. 614, 657 P.2d 1112 (1983), when there is a claim of newly discovered evidence while the case is pending upon appeal, is equally applicable to a claim of ineffective assistance of counsel which arises after the district court has lost jurisdiction of the case pending appeal. In *Shepherd,* we stated:

"The statutes do not provide any specific procedure for the handling and determination of a motion to remand a case from the appellate courts. The granting of a motion to remand a case from the appellate courts for the purpose of the trial court hearing a motion for new trial based upon alleged newly discovered evidence *or for other trial court proceedings* lies within the sound discretion of the appellate court. The granting of such a motion is not a matter of right which accrues in every case merely by filing a motion seeking remand. While the statutes are silent on procedural standards, better practice suggests that a defendant seeking to have a case remanded from the appellate courts should set forth with some specificity sufficient details of the evidence to be presented to the trial court in support of the motion for new trial so the appellate court may determine in the first instance whether there are valid grounds to expect that a new trial might be granted by the trial court. The appellate courts cannot be expected to operate in a vacuum and grant every motion to remand a case already on appeal absent a showing that the motion for new trial has merit and is not frivolous or an attempt to delay the appellate process." p. 620. (Emphasis added.)

The seeking of a remand from the appellate court so a determination of whether a defendant was denied effective assistance of counsel may first be considered by the trial court carries with it a solemn caveat. As the reason for the rule is to provide the trial court which observed trial counsel's actions with an opportunity to consider the effective assistance of counsel rather than the appellate court relying on a cold record, it is incumbent upon appellant's counsel to do more than read the record and then determine that he or she would have handled things differently. In the instant case, appellate counsel admitted in argument that no attempt had been made to determine the circumstances under which trial counsel did or did not proceed as appellate counsel thought preferable. The defense attorney was not contacted nor was the prosecutor, which would seem to be the minimum investigation to lodge a charge of ineffective assistance of counsel unless the conduct is so blatant that it is obvious from the record. Except in the most unusual cases, to assert a claim of

ineffective assistance of counsel without any independent inquiry and investigation apart from reading the record is questionable to say the least. We trust that the use of a remand procedure as an alternative remedy to K.S.A. 60-1507 will prove of benefit to defendants, the courts and the bar, and that it will not be abused by overzealous appellate counsel.

Appellant's next point is that there was insufficient evidence to support the conviction. Again he asserts that because of his broken ankle he could not have done the acts testified to by the victim. The victim's testimony was clearly supported in part by that of her mother and the police officer. The scope of appellate review when the defendant challenges the sufficiency of the evidence to support a conviction is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of the charge are sustained. *State v. Keeler,* 238 Kan. 356, Syl. ¶ 1, 710 P.2d 1279 (1985). We have no hesitancy here in finding that the conviction is supported by sufficient evidence.

The third issue on appeal is whether the trial court erred by permitting the State on the day of trial to amend the complaint to change the date of the alleged offense. On November 7, 1984, the State was allowed to amend the complaint to reflect the date of the offense as October 10, 1983, rather than on or between October 13 and October 24, 1983, as originally set forth.

Amendments of complaints are governed by K.S.A. 1985 Supp. 22-3201(4), which provides:

"The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

Here the appellant alleges no prejudice other than a general statement that his defense was prepared in response to the dates in the complaint. He asserted no alibi and admitted to the event taking place but had a different version of what happened. The date of the offense was not material to any defense asserted at trial and no prejudice has been shown. *State v. Ferguson,* 221 Kan. 103, 558 P.2d 1092 (1976).

Next, appellant maintains he should have been sentenced

pursuant to K.S.A. 1985 Supp. 21-3603 for the crime of aggravated incest, a Class D felony, instead of aggravated indecent liberties with a child, a Class B felony. For the period from July 1, 1983, to July 1, 1984, the crime of aggravated indecent liberties with a child included grandparents within its classification of persons subject to the crime. Prior to July 1, 1983, and subsequent to July 1, 1984, prohibited sexual conduct with a minor grandchild constitutes a Class D felony. Since July 1, 1984, such conduct is prohibited by K.S.A. 1985 Supp. 21-3603 as aggravated incest. Appellant contends that although he was convicted of aggravated indecent liberties with a child he should have been sentenced as if convicted of the lesser crime of aggravated incest which was the appropriate crime at the time of trial and sentencing. It has long been the rule in this state that the crime and penalty in existence at the time of the offense are controlling unless the legislature has given retroactive effect to any statutory changes made subsequent to the time of the commission of the crime. *State v. Dailey,* 228 Kan. 566, 569, 618 P.2d 833 (1980); *State v. Hutchison,* 228 Kan. 279, 287, 615 P.2d 138 (1980); *Kelsey v. State,* 194 Kan. 668, 670, 400 P.2d 736 (1965); and *State v. Henning,* 3 Kan. App. 2d 607, 609, 599 P.2d 318 (1979). See also *City of Kansas City v. Griffin,* 233 Kan. 685, 664 P.2d 865 (1983).

Appellant's final point is that the trial court abused its discretion by imposing an excessive sentence. The argument in support of this point appears to be more in the nature of an argument for probation rather than an attack upon the sentence. Appellant was convicted of a Class B felony for which K.S.A. 1985 Supp. 21-4501(b) provides for imprisonment "the minimum of which shall be fixed by the court at not less than five years nor more than 15 years and the maximum of which shall be fixed by the court at not less than 20 years nor more than life." The penalty in effect at the time of the commission of the crime herein was the same. The court sentenced appellant to the minimum possible sentence under the controlling statute.

In *State v. Richard,* 235 Kan. 355, 366, 681 P.2d 612 (1984), we again stated the general rule:

"[A] sentence imposed by a trial court will not be disturbed on the ground it is excessive, provided it is within the limits prescribed by law and within the realm of discretion on the part of the trial court, and the sentence is not the result of partiality, prejudice, oppression or corrupt motive."

The trial court was not empowered to impose a sentence below the statutory minimum. *State v. Babcock,* 226 Kan. 356, 363, 597 P.2d 1117 (1979). If appellant's argument is an attack upon the failure to grant probation, that point is not properly before the court (*State v. Haines,* 238 Kan. 478, 712 P.2d 1211 [1986]), and even if it were, the record reflects that the argument totally lacks merit.

The judgment is affirmed.