Erick L. KELLY, Petitioner,

v.

Raymond ROBERTS, et al., Respondents.

No. 91–3146–S.

United States District Court, D. Kansas.

Sept. 2, 1992.

146

Erick (nmi) Kelly, pro se.

John K. Bork, Office of the Atty. Gen., Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, who is currently an inmate at the Lansing Correctional Facility, Lansing, Kansas, was convicted on October 5, 1983, of one count of felony murder and two counts of aggravated robbery. He was sentenced to life imprisonment on the murder conviction and fifteen (15) years to life on each aggravated robbery conviction. The sentences were enhanced pursuant to the Habitual Criminal Act, K.S.A. 21–4504. Petitioner's conviction was affirmed by the Kansas Supreme Court on March 2, 1985. In this action, petitioner challenges his conviction and claims: (1) there was insufficient evidence to support the guilty verdicts; (2) he was deprived of the effective assistance of counsel; and (3) the prosecution withheld exculpatory evidence.

Having reviewed the record in this matter, the court makes the following findings and order.

*Factual Background*

On March 3, 1983, at approximately 1:30 a.m., a robbery occurred at the Church's Fried Chicken restaurant on North Broadway in Wichita, Kansas. During the course of the robbery, an employee of the restaurant was shot and killed by one of the two robbers. Two other employees were uninjured and eventually identified the robbers as Yvonne Pink and Regina Baldwin. Petitioner's identification came from employee, Jerrell Bell, who placed petitioner outside the restaurant shortly before the robbery. In addition, Kim Walker testified that petitioner borrowed her family's car on the night in question, that Pink and Baldwin were with him and that the three returned later with money and some jewelry. Walker also observed that Baldwin had a gun and that Walker heard Pink explain to Baldwin why she shot someone.

Petitioner was charged and convicted of one count of felony murder and two counts of aggravated robbery. He was charged with, but acquitted of, two counts of kidnapping. Petitioner was sentenced to life imprisonment on the murder conviction and fifteen (15) years to life on each aggravated robbery conviction. The robbery sentences were run concurrent to each other, but consecutive to the murder conviction. Petitioner's conviction and sentence were affirmed on March 2, 1985. Petitioner's motion for post-conviction relief pursuant to K.S.A. 60–1507 was denied.

Petitioner instituted this action on May 13, 1991.

*Discussion*

█ Petitioner's first claim of error is that there is insufficient evidence to support the convictions. In reviewing a sufficiency of the evidence claim, the court determines whether, after viewing the evidence in the light most favorable to the prosecution, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Cordo-*

*ba v. Hanrahan,* 910 F.2d 691, 695 (10th Cir.) *cert. denied* — U.S. ——, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990). In the present case, petitioner was identified, by an employee, as being at the restaurant shortly before the robbery. His presence with the two robbers, prior to and after the robbery, was established by Walker. Walker additionally testified that petitioner borrowed her family's car on the evening in question. This evidence, if believed by the jury, linked the petitioner with the crime. The function of the jury is to weigh the evidence and pass on the credibility of the witnesses. A federal habeas court has no license to redetermine the credibility of a witness whose demeanor has been observed by the state trial court and not this court. *U.S. ex rel. Wandick v. Chrans,* 869 F.2d 1084, 1089 (7th Cir.1989).

Viewing the evidence in the light most favorable to the prosecution, the court concludes a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt.

 Petitioner's second claim is that he did not receive the effective assistance of counsel guaranteed by the constitution. To establish his claim of ineffective assistance, petitioner must meet the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two part *Strickland* test requires (1) a showing that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) a showing that counsel's performance was so deficient that the defendant did not receive a fair trial. Under *Strickland,* the defendant bears the burden to establish both incompetence and prejudice, and there is a presumption that the attorney's conduct comes within "the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

Petitioner claims that counsel failed to investigate and call witnesses who could have been helpful to his cause. However, whether to call particular witnesses is a matter of trial tactics and is discretionary

with trial counsel. *United States v. Glick,* 710 F.2d 639, 644 (10th Cir.1983) *cert. denied* 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 229 (1984).

Petitioner claims that his niece would have testified that Bell had a grudge against her because she refused to have a sexual relationship with him. The niece claimed that it was only after she refused the sexual advances that Bell identified Kelly as being in the parking lot of the restaurant. In addition, petitioner claims that his wife would have testified that he was with her and their children the night the robbery and murder were committed. Petitioner also presented affidavits from individuals who stated that they tried numerous times to reach defense counsel to discuss the defense and were never successful. Furthermore, petitioner claims counsel showed his incompetence by failing to seek a trial separate from the co-defendants.

The Kansas Supreme Court found that failure to seek a separate trial was harmless error because the five grounds for severance as stated in *State v. Martin,* 234 Kan. 548, 673 P.2d 104 (1983), were not present in petitioner's case. *State v. Pink,* 236 Kan. 715, 696 P.2d 358, 371 (1985) overruled on other grounds, *State v. Van Cleave,* 239 Kan. 117, 716 P.2d 580, 581–82 (1986). A state court's findings of facts are accorded a presumption of correctness. *Tapia v. Tansy,* 926 F.2d 1554 (10th Cir.) *cert. denied* — U.S. ——, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991).

Concerning petitioner's claims that a number of individuals were willing to testify for him, the Kansas Court of Appeals found that the information presented had marginal relevance and could easily have been withheld as a strategic maneuver by trial counsel. Such strategic moves are within counsel's discretion. *Glick, supra.*

Petitioner has failed to carry his burden for meeting the *Strickland* test. His claim of ineffective assistance of counsel is, therefore, without merit.[1]

---

1. Petitioner's argument that defense counsel was indefinitely suspended from the practice of

law shortly after petitioner's conviction is not relevant. See *Matter of Hbysha,* 237 Kan. 151,

148

Finally, petitioner contends that the prosecution knowingly withheld exculpatory information concerning fingerprint analysis. In addition, petitioner claims the trial court erred when it failed to reveal the identity of a confidential Crimestoppers informant. Petitioner's argument centers on the his belief that those individuals who testified against him and his co-defendants were the informants and that they received the reward money from the tip.

Where a prosecutor's misconduct is so egregious that it denies the defendant a fair trial, that misconduct is reviewable on habeas corpus. *Beasley v. Holland,* 649 F.Supp. 561 (S.D.W.Va.1986) *appeal dismissed* 841 F.2d 1122, *cert. denied Beasley v. Hedrick,* 488 U.S. 860, 109 S.Ct. 156, 102 L.Ed.2d 127 (1988). Relief is not available, however, where one makes mere conclusory allegations. *Id.* Here petitioner speculates that there was a fingerprint report withheld, but offers no evidence that such is the case. In fact, testimony in the record clearly indicates no report existed. Petitioner has failed to show any prosecutorial misconduct.

Finally, petitioner's contention that the individuals who testified against him and his co-defendants were tipsters to Crimestoppers and received reward money is, again, mere speculation. The record shows that the trial court conducted an *in camera* hearing to determine whether the confidential informant's testimony was needed on the issue of guilt or innocence. The court concluded that the informant was a mere tipster whose information precipitated the investigation. Had the court found that the informant could give needed testimony at trial, the government would have been required to disclose the informant's identity. The Tenth Circuit Court of Appeals has held that such an *in camera* hearing conducted without the presence of the defendant or defense counsel is within the trial court's discretion. *United States v. Perez–Gomez,* 638 F.2d 215, 218 (10th Cir. 1981). The trial court did not abuse its discretion.

697 P.2d 1309 (1985). Petitioner's case, and the handling thereof, is not mentioned in the disciplinary proceeding, and the suspension cannot

IT IS THEREFORE BY THE COURT ORDERED that the petition for writ of habeas corpus is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this order to petitioner and respondent.

be bootstrapped into petitioner's habeas corpus petition.