Stegall, J., dissenting:
I dissent from the majority's decision to remand this case to the trial court for further findings on Steve Kelly Moyer's ineffective assistance of counsel claims. Employing an abuse of discretion standard, I would find that the record establishes that the trial court, while less than articulate in its rulings, conducted an adequate inquiry into the potential conflict of interest, made a sufficient record of that inquiry, and found that no conflict of interest existed. Further, I would find that Moyer has not made the necessary showing in order to obtain a State v. Van Cleave , 239 Kan. 117, 716 P.2d 580 (1986), remand. As such, I would affirm the results below, thus allowing Moyer to litigate his ineffective assistance of counsel claims in a subsequent proceeding brought pursuant to K.S.A. 60-1507.
The majority is unclear as to exactly how the trial court abused its discretion. It is true that a district court's complete failure to inquire into a possible conflict of interest is an abuse of discretion. State v. Prado , 299 Kan. 1251, 1256-57, 329 P.3d 473 (2014). Here, however, the majority acknowledges there was an inquiry. The majority does find that the trial court failed to make an adequate record and points to the fact that the "district court made no explicit finding with respect to whether a conflict of interest existed." State v. Moyer , 302 Kan. 892, 933, 360 P.3d 384 (2015). While true-and while certainly less than ideal-this **391 failure, when viewed in the context of the entire record, does not constitute an abuse of discretion.
In fact, the district court did make a finding, though not explicit, that no conflict of interest existed. The district court made a clear record that Jeffery Mason (Moyer's counsel) did not believe he had a conflict; that the State did not believe Mason had a conflict; and that Moyer himself did not believe his counsel had a conflict. Furthermore, after learning the particular facts of *104 the concurrent representation Mason was engaged in, the trial court explicitly ruled: "[I]n regards to the conflict of the guardian ad litem ... I understand completely why Defense has done what they've done", and, "I have found that [defense counsel's] behavior in the past has always been to the utmost of the legal and ethical duties that are required."
While not perfect, I cannot find that this ruling, coming as it did in the specific context of the court's inquiry in this case, was an abuse of discretion. The majority moves from this finding-or lack thereof-to hold that the district court did not make a record sufficient for us to determine on review whether Moyer met his burden to " ' "establish that the conflict of interest adversely affected his counsel's performance." ' " Prado , 299 Kan. at 1260, 329 P.3d 473 (quoting State v. Vann , 280 Kan. 782, 792, 127 P.3d 307 [ (2006) ] ). This is followed by the majority's "what if?" speculation about how Mason might have compromised his duty to adequately and effectively represent Moyer. 302 Kan. at 934, 360 P.3d 384. There is, however, a far more reasonable explanation for what the majority characterizes as the trial court's failure to "make[ ] the determinations necessary for us to assess the impact [of the conflict of interest] on Mason's performance." 302 Kan. at 934, 360 P.3d 384. Simply put, there was no need for the inquiry to continue after the trial court found that no conflict of interest existed.
Finally, beyond the kind of hypothetical scenarios conjured by the majority, Moyer advances no argument to support the conflict of interest he now alleges. To the contrary, the record shows Mason's diligent efforts to obtain J.T. as a witness once he discovered her missing on the eve of trial. Mason repeatedly communicated with J.T. and her doctors to determine her availability and issued a subpoena once he discovered J.T.'s hospital stay would not be **392 temporary. On the record before us, it is clear it was J.T.'s doctor's decision that prohibited her from appearing to testify during the trial. Moreover, the record also reveals legitimate reasons why J.T.'s testimony would likely have been detrimental to Moyer and his defense.
In short, I would find that Moyer has failed to sustain his burden to establish either that the trial court abused its discretion or that he is entitled to a Van Cleave remand for further factual findings. In Van Cleave , we held that "it is incumbent upon appellant's counsel to do more than read the record and then determine that he or she would have handled things differently." 239 Kan. at 120, 716 P.2d 580. We noted: "Except in the most unusual cases, to assert a claim of ineffective assistance of counsel without any independent inquiry and investigation apart from reading the record is questionable to say the least." 239 Kan. at 120-21, 716 P.2d 580. Until now, we have regularly refused to grant a requested Van Cleave remand when counsel fails to do more than simply review the record and argue on appeal that trial counsel should have acted differently. See State v. Levy , 292 Kan. 379, 389, 253 P.3d 341 (2011).
The majority, citing to Levy , implicitly acknowledges that Moyer cannot meet the heretofore requirements for a Van Cleave remand. Instead, today's decision waters down an appellant's burden to obtain such a remand. I would continue to adhere to Van Cleave 's commitment to grant a remand only in "the most unusual cases." This would leave Moyer free to pursue his claims of ineffective assistance of counsel in a subsequent action brought pursuant to K.S.A. 60-1507.
BILES, J., joins the foregoing dissenting opinion.