NOT DESIGNATED FOR PUBLICATION

No. 112,979

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JASON JONES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed December 18, 2015. Reversed and remanded with directions.

*Serena A. Hawkins*, of Serena Hawkins Law, LLC, of Kansas City, for appellant.

*Cheryl A. Marquardt*, assistant county attorney, *Todd L. Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*: Jason Jones appeals from the denial of his K.S.A. 60-1507 motion in which he alleged ineffective assistance of trial counsel based on his counsel's failure to represent him at a hearing on a presentencing motion to withdraw his plea. Because we find that Jones was denied the assistance of conflict-free counsel at a critical stage of his case, we reverse the district court's decision denying his K.S.A. 60-1507 motion. Moreover, we remand this matter to the district court for appointment of an attorney to advise Jones regarding his motion to withdraw plea and to represent him at a hearing if he decides to proceed with his motion after speaking to a conflict-free counsel.

1

FACTS

Jones pled guilty—pursuant to a plea agreement—to a reduced charge of second-degree reckless murder and abuse of a child. Prior to sentencing, he filed a pro se motion to withdraw his plea. Evidently, because he did not believe the motion to withdraw plea was in his client's best interest, Jones' trial attorney decided that he would not participate in the argument on the motion. As such, the district court decided to have Jones argue his pro se motion without benefit of counsel. Ultimately, the district court denied the motion to withdraw plea and sentence Jones to 467 months in prison.

On direct appeal, a panel of this court affirmed Jones' conviction but found that the State had violated the terms of the plea agreement. Accordingly, the case was remanded for resentencing and Jones' sentence was reduced to 360 months in prison. Although Jones did not appeal from the resentencing, he filed the K.S.A. 60-1507 motion that is the subject of this appeal a few months later. In the motion, Jones alleged—among other things—ineffective assistance of trial and appellate counsel. Following an evidentiary hearing, the district court denied the motion.

Regarding the motion to withdraw the plea, the district judge stated:

"You also claim that [your trial attorney] failed [to provide] effective assistance of counsel in not joining in this motion—your motion to withdraw . . . plea. You asked him to do it; he got a letter and now acknowledges receiving it. But he testified he did not believe that the information was accurate, nor did he believe it was in your best interest. It could backfire and you could end up with more time, and he felt it was right for your son.

"He is not permitted under the rules of ethics to argue—under the rules of ethics, he is not permitted to argue vexatious motions. He didn't believe in the motion.

2

"You then said, I want to argue it, and I did allow you to argue your pro se motion because you don't have the same rules of professional conduct that an attorney does, and I allowed you to argue that motion. I do not see that failure to join in that motion is ineffective assistance of counsel."

The district judge also stated that he had considered Jones' arguments about his appellate attorney but found that none of Jones' claims of ineffective assistance of appellate counsel had merit. The district judge ultimately concluded that Jones had not shown that any deficient performance prejudiced his defense, and so the district judge denied the motion. Thereafter, Jones appealed to this court.

ANALYSIS

Because the district court held a full evidentiary hearing on Jones' K.S.A. 60-1507 motion, we review the district court's factual findings to determine whether they are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. However, we have unlimited review over the district court's conclusions of law. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013). Additionally, a claim alleging ineffective assistance of counsel presents mixed questions of fact and law. Like the standard of review on a K.S.A. 60-1507 motion, on a claim alleging ineffective assistance of counsel, appellate courts review the district court's factual findings for support by substantial competent evidence and review its legal conclusions based on those facts de novo. *State v. Bowen*, 299 Kan. 339, 343, 323 P.3d 853 (2014).

There are three types of ineffective assistance of counsel claims:  (1) claims that the attorney's performance was so deficient that the defendant was denied a fair trial; (2) claims that the assistance of counsel was denied entirely or denied at a critical stage of the proceeding; and (3) claims that the attorney actively represented interests that conflicted with the defendant. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162

3

(2014). "We observe the *Strickland* [C]ourt held: 'Representation of a criminal defendant entails certain basic duties. Counsel's function is to assist the defendant, and hence counsel owes a duty of loyalty, a duty to avoid conflicts of interest.' *Strickland*, 466 U.S. at 688; accord *Bowen*, 299 Kan. at 342 ('The right [to counsel] extends a duty of loyalty [from counsel] to the client.'). Indeed, the *Strickland* Court described the duty of loyalty as 'perhaps the most basic of counsel's duties.' 466 U.S. at 692." *Sola-Morales*, 300 Kan. at 893-94.

Here, Jones raises all three types of ineffectiveness claims on appeal. His primary argument, however, is that he was denied his Sixth and Fourteenth Amendment right to counsel at the hearing on his motion to withdraw his plea because he had to argue the motion pro se. In particular, Jones argues that he was denied his constitutional right to effective representation when his trial attorney (1) did not respond to his letter about wanting to withdraw his plea; (2) did not give him any legal advice about the requirement that he show good cause to withdraw his plea; and (3) refused to participate at the hearing on the motion to withdraw plea.

When a defendant is completely denied the assistance of counsel or denied counsel at a critical stage of a proceeding, a court may presume the defendant was prejudiced. *Sola-Morales*, 300 Kan. at 883. The Kansas Supreme Court has held that a presentencing motion to withdraw a guilty plea is a critical stage where conflict-free counsel is required. See *State v. Taylor*, 266 Kan. 967, 975, 975 P.2d 1196 (1999). When the State is represented at a plea withdrawal hearing, the defendant has a constitutional right to be represented by conflict-free counsel unless the defendant waives the right to counsel. *State v. Hulett*, 293 Kan. 312, 319, 263 P.3d 153 (2011). "'An actual conflict of interest exists if "the defense attorney was required to make a choice advancing his own interests to the detriment of his client's interests."'" *State v. Cheatham*, 296 Kan. 417, 452, 292 P.3d 318 (2013) (quoting *Stoia v. United States*, 22 F.3d 766, 771 [7th Cir. 1994]).

4

The State argues that Jones' claim is barred by res judicata. Although we agree that Jones could have presented this argument on direct appeal, he was not required to do so. As the Kansas Supreme Court has held, "generally the factual aspects of a claim of ineffective assistance of counsel require that the matter be resolved through a K.S.A. 60-1507 motion or through a request to remand the issue to the district court for an evidentiary hearing under *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986)." *State v. Galaviz*, 296 Kan. 168, 192, 291 P.3d 62 (2012). Here, there was a factual issue regarding whether Jones voluntarily and knowingly waived his right to conflict-free counsel at the hearing on the motion to withdraw plea, which required consideration of trial counsel's testimony as well as his case file. *Cf. State v. Beaman*, 295 Kan. 853, 858, 286 P.3d 876 (2012) (stating that whether a defendant waived the right to a jury trial is a factual question unless the facts are undisputed). Thus, we do not find Jones' argument to be barred by res judicata.

Jones argues that he and his trial attorney had a clear conflict of interest at the motion to withdraw hearing. We agree. Unfortunately, a review of the record on appeal reveals that the district court failed to make the appropriate in-depth inquiry necessary to assure Jones' right to conflict-free counsel. See *State v. Stovall*, 298 Kan. 362, 370, 312 P.3d 1271 (2013).

Once trial counsel refused to represent Jones at a critical stage of the process—even if he felt an ethical obligation to do so—his interests and those of his client were in conflict. Moreover, there is nothing in the record to suggest that this is one of the rare cases in which no attorney could ethically represent his or her client on a matter. As such, the district court should have either appointed Jones with another attorney to represent him on his motion to withdraw plea or made it clear on the record that Jones was knowingly and voluntarily exercising his right to forego counsel and electing to proceed pro se. *Hulett*, 293 Kan. at 319.

In conclusion, we find that Jones was completely denied the assistance of conflict-free counsel at a critical stage in this case and, as a result, was prejudiced. Although going forward with his motion to withdraw plea may or may not be a good decision, an attorney should be appointed to advise Jones of his options. Moreover, if he decides to proceed with his motion to withdraw plea, Jones should be represented by counsel at the motion hearing unless he knowingly and voluntarily waives his right to counsel on the record. Finally, because we are reversing and remanding this matter to the district court, it is unnecessary for us to address the other issues presented in the briefs.

Reversed and remanded with directions.