NOT DESIGNATED FOR PUBLICATION

No. 124,538

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of L.B.,
A Minor Child.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed July 1, 2022. Affirmed.

*Jordan E. Kieffer*, of Jordan Kieffer, P.A., of Bel Aire, for appellant natural mother.

*Kristi D. Allen*, assistant district attorney, and *Marc Bennett*, district attorney, for appellee.

Before HILL, P.J., COBLE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: The natural Mother of the minor child, L.B., appeals the termination of her parental rights. After Mother failed to appear at the termination hearing, the State of Kansas proffered its evidence regarding Mother and the district court entered what it characterized as a "default judgment" against her. Mother contends her trial counsel was ineffective for failing to seek to set aside the termination order. After careful review of the record, the decision of the district court is affirmed for the reasons explained below.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, the State filed a child in need of care petition alleging that four-year old L.B. was a child in need of care and should be removed from her parents' custody.

1

Although the proceedings at issue also terminated the rights of L.B.'s father, he has not appealed, so we consider the record only from Mother's perspective.

Minor child, L.B., was removed from Mother's custody in July 2019 and placed in protective custody due to Mother's abuse of alcohol and its impact on her ability to adequately care for L.B. In September 2019, L.B. was adjudicated a child in need of care. Soon after L.B.'s out-of-home custody placement, the district court, the Kansas Department for Children and Families (DCF), and other social services initiated a case plan with the goal of reintegration, ordering Mother to engage in such activities as substance abuse treatment, random urinalysis tests, therapy, and permitted supervised visits with L.B. However, Mother failed to meet the case plan goals.

Given the lack of success with these goals, in November 2020 the State moved for a finding of unfitness and termination of parental rights. A pretrial hearing was held in early March 2021, at which Mother appeared in person, and the district court suspected she was under the influence of alcohol. The district court ordered Mother to submit to testing and she tested positive for alcohol. After her positive test, Mother admitted to consuming alcohol the afternoon of the pretrial hearing.

Mother did not appear at the May 2021 termination hearing. Mother's attorney noted that she had met with Mother in the intervening time since the pretrial hearing and had spoken with her on the phone the night before the termination hearing. Mother's attorney reported that Mother was "working hard to try to stay sober" and that Mother wanted her counsel to request a continuance so that Mother could continue showing she could remain sober. But Mother's attorney admitted that she could not tell the court why Mother was not present. Mother's counsel requested a continuance on the record. Both the State and the guardian ad litem opposed continuance. Given the length of time since removal of L.B., the district court denied the requests for continuance and found Mother in default.

The termination hearing proceeded with the State's proffer of its motion for a finding of unfitness and termination of Mother's parental rights and a report prepared by Saint Francis Ministries (SFM). The SFM report, which tracked Mother's progress from August 2020 to May 2021, provided an overview of the steps Mother took to comply with her case plan requirements and the repeated problems she had in doing so.

The report outlined Mother's difficulties with stable housing, substance abuse, and attempts at treatment and therapy and concluded by noting that Mother and Father had a recent domestic violence incident. The report went on to state that Mother "failed to demonstrate she is able to care for herself, let alone [L.B.] and her needs." According to SFM, if Mother were to demonstrate that she could make secondary changes, she would need to show consistent progress for at least six months before SFM would recommend reintegration, and given the history of the case, it would not be in L.B.'s best interests to do so. To that end, SFM recommended that Mother's parental rights be terminated.

Following the State's proffer of its motion and the SFM report, and all parties' stipulation to the State's proffer of evidence, the district court determined that Mother was an unfit parent and that termination of Mother's parental rights was in the best interests of L.B. under multiple subsections of K.S.A. 2020 Supp. 38-2269(b) and (c). The district court found that Mother was unfit due to: (1) the use of intoxicating liquors or narcotics or dangerous drugs of such duration and nature are to render her unable to care for the ongoing physical, mental, or emotional needs of L.B.—K.S.A. 2020 Supp. 38-2269(b)(3); (2) the failure of reasonable efforts made by appropriate public or private agencies to rehabilitate the family—K.S.A. 2020 Supp. 38-2269(b)(7); (3) a lack of effort on Mother's part to adjust her circumstances, conduct, or conditions to meet L.B.'s needs—K.S.A. 2020 Supp. 38-2269(b)(8); (4) a failure to maintain regular visitation, contact, or communication with L.B. or her custodian—K.S.A. 2020 Supp. 38-2269(c)(2); (5) and a failure to carry out a reasonable plan approved by the court directed

3

toward reintegration of the child into the parental home—K.S.A. 2020 Supp. 38-2269(c)(3). The court also noted under K.S.A. 2020 Supp, 38-2269(b)(9), the child has been in the custody of the secretary and placed with neither parent for 15 of the most recent 22 months.

The court found that the factors of unfitness set out against Mother are supported by clear and convincing evidence and are unlikely to change in the foreseeable future. The court determined that termination of Mother's parental rights is in the best interests of the child.

Mother filed a timely notice of appeal.

ANALYSIS

On appeal, Mother argues that her trial counsel was ineffective because she failed to move to set aside the "default" termination order entered against Mother. But because Mother had previously appeared in this case, and her counsel was present for the termination hearing, this court does not consider the order to be one of default. Rather, the court considers the better-framed issue to be whether Mother's trial counsel was ineffective for failing to request that the district court set aside its termination order.

Because there was no evidentiary hearing in the district court on the issue of ineffective assistance of counsel, this court reviews the record to determine whether relief can be granted using a de novo standard. See *State v. Salary*, 309 Kan. 479, 483-84, 437 P.3d 953 (2019). Although ineffective assistance of counsel claims are generally examined in criminal cases, this court has considered such claims in termination of parental rights cases. See *In re A.B.*, No. 111,483, 2015 WL 249768, at *6 (Kan. App. 2015) (unpublished opinion) (citing *In re Rushing,* 9 Kan. App. 2d 541, Syl. ¶ 3, 684 P.2d 445 [1984]).

In her appellate brief, Mother cites authority outlining her fundamental right to parent her child and the standard for prevailing on a claim of ineffective assistance of counsel. See *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015); *In re Application to Adopt H.B.S.C.*, 28 Kan. App. 2d 191, 195-96, 12 P.3d 916, 920 (2000). We do not disagree with her references. However, Mother's rather concise legal analysis fails to provide any citations to legal authority which might support her argument that failure to seek to set aside the termination order is tantamount to ineffective assistance of counsel. Failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018). Issues not adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). Mother's failure to adequately support her argument is akin to failing to brief the issue, and we find her argument waived.

But even if we do not consider her argument waived, the State argues that Mother cannot now raise her ineffective assistance claim for the first time on appeal. The State's argument is generally correct, as an appellant is typically not allowed to raise an ineffective assistance of counsel claim for the first time on appeal. See *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014).

The proper procedure for addressing a potential ineffective assistance of counsel claim for the first time on a direct appeal is for appellate counsel to seek remand to the district court so that the facts relating to the claim can be resolved by the trial court. *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986); *In re J.W.*, No. 106,561, 2012 WL 2621154, at *2-6 (Kan. App. 2012) (unpublished opinion). After all, the district court "observed [trial] counsel's performance and . . . is in a much better position to consider counsel's competence than an appellate court is in reviewing the issue for the first time from a cold record." *Van Cleave*, 239 Kan. at 119. However, the appellate court will only

5

remand a case to the district court in instances where the ineffective assistance of counsel claim demonstrates merit. 239 Kan. at 120 (quoting *State v. Shepherd*, 232 Kan. 614, 620, 657 P.2d 1112 [1983]).

Under extraordinary circumstances, an appellate court may consider an ineffective assistance of counsel claim for the first time on appeal—if there are no factual issues and the two-prong ineffective assistance of counsel test can be applied as a matter of law based upon the appellate record. *Salary*, 309 Kan. at 483-84.

Other panels of this court, while stopping short of an ultimate determination that the *Van Cleave* remand procedure applies in termination of parental rights cases, have applied the same framework to determine whether to remand a case to the district court for consideration of the assistance of counsel issue. In *In re J.W.*, 2012 WL 2621154, at *2-6, the panel discussed whether a remand to district court was appropriate under *Van Cleave* in a termination of parental rights case, but in that case, the appellant specifically sought remand for an evidentiary hearing. Likewise, in *In re A.B.*, the appellant appealed but then sought to stay his appeal, requesting remand to the district court for a hearing on his ineffective assistance of counsel claim. 2015 WL 249768, at *9. Similarly, in *In re F.G.*, No. 114,602, 2016 WL 4259928, at *7 (Kan. App. 2016) (unpublished opinion), a panel of this court addressed the applicability of *Van Cleave* to termination proceedings and determined remand for a *Van Cleave* hearing was unnecessary.

But even assuming that *Van Cleave* applies in termination of parental rights cases, an appellate court is not obligated to sua sponte remand for an evidentiary hearing if the record is insufficient to allow the claim to be addressed without further findings and the appellant has not requested a remand to the district court. See *Mundy v. State*, 307 Kan. 280, 299-300, 408 P.3d 965 (2018). Here, both conditions—insufficiency of the record and lack of request for remand—apply.

Although perhaps a *Van Cleave* hearing would have been helpful in evaluating the bases for her claim, Mother did not request that the case be remanded for a *Van Cleave* hearing—she requested only reversal of the termination order. Mother also provides no arguments whatsoever that the absent motion to set aside the order might have been fruitful. And, the record before this court is simply insufficient to allow Mother's claim of ineffective assistance to be addressed.

The sole issue presented by Mother is that her trial counsel should have requested the district court set aside its termination order. However, the "facts" she uses to support her claim are unsubstantiated in the record before us. For example, she notes Mother's alleged mistaken impression regarding the effect of her decision not to attend the termination hearing, and the claimed lack of clarity of the need for her attendance. Mother also claims trial counsel did not attempt to contact her after the termination findings. However, none of these alleged facts are substantiated. These unsupported statements, together with a complete absence of any contention or argument that a posttrial motion would have been successful, does not support a remand of this case to the district court for further consideration, especially when there apparently has been no consultation with trial counsel regarding the reason for her inaction.

Given Mother's lack of request for remand and the insufficiency of the record on appeal, we do not find a basis for remanding this case to the district court for further consideration of Mother's claim of ineffective assistance of trial counsel. Further, we do not need to analyze the merits of the ineffective assistance claim under the two-prong *Strickland* test, *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted by *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985), given the lack of request for a *Van Cleave* hearing and Mother's failure to analyze the merits of the claim in her brief. See *Mundy*, 307 Kan. at 299-300; *Dull*, 298 Kan. at 839.

Because Mother does not ask us to determine sufficiency of the evidence supporting the termination of her parental rights, we do not consider this issue.

Affirmed.