FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOSEPH LEE ALLEN,

    Petitioner - Appellant,

v.

SHANNON MEYER,

    Respondent - Appellee.

No. 22-3028
(D.C. No. 5:18-CV-03301-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.
_____

Petitioner-Appellant Joseph Lee Allen, appearing pro se, seeks a certificate of

appealability (COA) to appeal from the district court's denial and dismissal of his petition

under 28 U.S.C. § 2254 challenging his state convictions for aggravated battery,

attempted first degree murder, and criminal possession of a firearm.[1]

In November 2006, a Kansas jury found Mr. Allen guilty of one count of

aggravated battery, an alternative count of attempted first-degree murder, and one count

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Allen proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

of criminal possession of a firearm. The charges arose from an incident in which someone shot Wayne "Squirt" Brandon, Jr. in front of his home. Mr. Brandon identified Mr. Allen as the shooter. While in jail awaiting trial, Mr. Allen wrote Mr. Brandon two letters offering him money, and, according to a jailhouse informant, confessed to the shooting. *See State v. Allen*, No. 101,367, 2010 WL 3636269, at *1–2 (Kan. Ct. App. Sept. 10, 2010) ("*Allen I*"). In 2008, the Kansas district court sentenced Mr. Allen to 586 months' imprisonment for the attempted first-degree murder charge and a concurrent term of 8 months' imprisonment for criminal possession of a firearm. *See id.* at *2. The court did not impose any sentence for the aggravated battery conviction.

Mr. Allen appealed his conviction to the Kansas Court of Appeals (KCOA) raising, among other issues, ineffective assistance of counsel. The KCOA remanded the case for an evidentiary hearing under *State v. Van Cleave*, 716 P.2d 580 (Kan. 1986), to develop a factual record regarding Mr. Allen's claims of ineffective assistance. *See Allen I*, 2010 WL 3636269, at *3. On remand, the district court held a two-day evidentiary hearing in December 2012. Mr. Allen represented himself at the *Van Cleave* hearing, with standby counsel present. The district court denied relief to Mr. Allen and the KCOA affirmed that denial. *See State v. Allen*, No. 110,353, 2014 WL 6775823, at *1 (Kan. Ct. App. Nov. 26, 2014) ("*Allen II*"). Mr. Allen was represented by counsel in the appeal of *Allen II*. *See id.*

Mr. Allen then pursued state post-conviction relief in 2015, filing a motion under Kan. Stat. Ann. § 60-1507 alleging ineffective assistance of trial and appellate counsel in *Allen II*. The Kansas district court denied relief. The KCOA dismissed portions of and

2

affirmed the remainder of Mr. Allen's appeal. *See Allen v. State*, No. 115,775, 2017 WL 6062272, at *7 (Kan. Ct. App. Dec. 8, 2017) ("*Allen III*"). Mr. Allen then filed a petition in federal district court for relief under 28 U.S.C. § 2254.[2]

In Mr. Allen's § 2254 petition, he advanced 41 claims, primarily consisting of allegations of ineffectiveness of his trial, appellate, and post-conviction counsel. After giving Mr. Allen an opportunity to show cause, the district court dismissed claims 4–10, 17–20, and 32 on the basis of procedural default—because the Kansas court denied these claims "based on an adequate and independent state procedural rule," a federal court cannot review them. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). In a later order, the district court considered the remainder of Mr. Allen's claims and found they were either procedurally defaulted or did not entitle him to relief on the merits. The district court denied Mr. Allen's application for a COA, and this appeal followed.

To obtain a COA, Mr. Allen must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substance of that showing depends on whether the district court rejected his constitutional claims on the merits or on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, the showing required to [obtain a COA] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]hen

---

[2] While Mr. Allen's § 2254 petition was pending, he filed a second Kan. Stat. Ann. § 60-1507 motion in state district court. The state district court summarily denied that motion, and the KCOA affirmed. *See State v. Allen*, No. 123,273, 2021 WL 3823646, at *1 (Kan. Ct. App. Aug. 27, 2021) ("*Allen IV*").

the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Mr. Allen has not made the requisite showing. He summarily advances numerous claims of ineffective assistance of counsel, but he does not present any colorable basis to conclude the district court was incorrect when it dismissed the procedurally defaulted claims or denied the remaining claims on their merits. He argues the court should have overlooked some of the state procedural defaults because the Kansas district court "forced" him to proceed pro se in his *Van Cleave* hearing, *see* Aplt. Appl. for COA at 1, 7, 10; Aplt. Opening Br. at 13, but he points to no support in the record for this contention. To the contrary, the record indicates the Kansas district court in the *Van Cleave* hearing allowed Mr. Allen to proceed pro se with standby counsel at Mr. Allen's own request. *See* R. vol. 2 at 2055:7–14; 2056:6–17; 2525:16–2526:13. And Mr. Allen was represented by counsel during the direct appeal of his case. For those claims that are not subject to procedural default, Mr. Allen does not set forth any basis to conclude his claims of ineffective assistance of counsel overcame the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), or that the district court otherwise erred in dismissing them.

Further, at multiple points in his submissions to this court, Mr. Allen incorporates by reference large sections of prior trial or appellate briefs he submitted to the Kansas courts. But "[t]his court is under no obligation to consider arguments not fully set forth in a party's appellate brief, including arguments incorporated by reference to prior pleadings or other materials," *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 321 F.3d 950, 979 n.14 (10th Cir. 2003), and we decline to consider such arguments here.

Because Mr. Allen advances no basis on which jurists of reason could disagree either with the district court's procedural or substantive rulings, we deny a COA and dismiss this matter.

Entered for the Court

Jerome A. Holmes
Circuit Judge