NOT DESIGNATED FOR PUBLICATION

No. 127,014

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEO ROBERT HILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Submitted without oral argument. Opinion filed November 7, 2025. Appeal dismissed.

*Jessica R. Kunen*, of Lawrence, for appellant.

*Jon Simpson*, senior assistant district attorney, *Dakota Loomis*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: There is one unescapable rule about Kansas appeals: If you want to appeal, you must file a notice of appeal. Our appellate courts only have jurisdiction to consider an appeal if that appeal is taken in the manner prescribed by law, and the law requires an appellant to file a notice of appeal. Here, Leo Robert Hill is trying to appeal the summary denial of his second request for postconviction DNA testing. This motion was filed in the midst of a flurry of postconviction, post-appeal motions. As far as we can tell from this record, we find no notice of appeal of that summary dismissal. No notice— no appeal. We have no jurisdiction to entertain this case.

1

*Hill pled no contest to two sex crimes with a child: rape and aggravated indecent liberties.*

Hill appealed his sentence. Because the district court ordered lifetime postrelease supervision instead of lifetime parole, the case was sent back to the district court for resentencing. At resentencing, Hill moved to withdraw his plea in part because the rape kit administered to the victim was negative. The district court denied that motion and that decision was affirmed on appeal. See *State v. Hill*, No. 112,985, 2016 WL 562919 (Kan. App. 2016) (unpublished opinion). A panel of this court ruled the absence of biological evidence was not exculpatory under the circumstances:

> "Hill says there was no DNA or other forensic evidence corroborating [the victim's] allegations against him. We assume that assertion to be correct. The absence of such evidence isn't surprising given the nature of the abuse. [The victim] alleged a pattern of sexual misconduct—not that [Hill] had assaulted her the day she reported the situation. She said he had last touched her 2 weeks earlier. More importantly, Hill had inculpated himself to law enforcement officers, essentially admitting the crimes of conviction. Hill told the officers he had last had sexual intercourse with [the victim] a month earlier. Although Hill challenged the admissibility of his statements, he lost that challenge. As a result, the evidence against him was substantial. And the absence of biological evidence wasn't really exculpatory. Hill was not misled about the strength of the State's case." 2016 WL 562919, at *3.

Hill was sentenced to two concurrent life sentences with no possibility of parole for 25 years.

In October 2015, Hill moved for DNA testing of his victim's rape kit. The court ordered DNA testing of the rape kit and appointed counsel for Hill. KBI analysis found no semen or amylase (a compound found in saliva) present on the vaginal swabs, anal swabs, external genitalia swabs, gauze, or underwear in the rape kit. The report also

stated, "No examination for trace evidence has been performed on the item(s) submitted. The Biology Section of the Kansas Bureau of Investigation Forensic Laboratory does not have the expertise to perform trace analysis (i.e. Hair and Fiber Comparisons)."

The district court took evidence on the DNA testing motion. Sergeant Hayden Fowler testified Hill confessed to sexually touching and engaging in sexual intercourse with his victim. Hill said he digitally penetrated her two weeks before the interview. He said he had last had vaginal intercourse with her about a month before the interview, but he did not ejaculate in her. He had last had oral intercourse with her at least a month before. Sergeant Fowler testified concerning the reasoning for obtaining a rape kit in this case:

> "Sexual assault kits are best if done within three days, but it's possible to get DNA evidence as much as a week prior to. We wanted to make sure there that if there was [a] revelation that there had been sexual intercourse within that week that we had a sexual assault kit on record."

There was no such revelation.

The court ruled that Hill was not entitled to relief under K.S.A. 21-2512 and denied the DNA testing motion. It pointed out that prior DNA testing was inconclusive and also observed that the evidence was not so material that it would result in a different outcome. The court found it unsurprising that the analysis had found no semen or amylase in the prior tests because Hill's last admitted sexual contact with his victim was about two weeks before the collection of the rape kit. A finding of guilt at trial would have been supported by the statements of Hill and his victim. From all of this the court concluded that there was no substantial question of innocence.

This decision to deny further DNA testing was affirmed on appeal. See *State v. Hill*, No. 119,602, 2019 WL 1499378 (Kan. App. 2019) (unpublished opinion). A panel of this court again ruled the lack of biological evidence in the rape kit was not exculpatory. It was Hill's own admissions that proved his guilt:

> "The record reflects Hill confessed to having sexual intercourse with [the victim] at least five times over the course of two years, most recently one month before Hill confessed. Hill also said during his confession he did not ejaculate in [the victim]. According to Fowler, Hill also admitted to touching [the victim's] breast, buttocks, and vagina one week before he confessed. Contact with [the victim] was digital penetration, thus no semen or amylase would be present. These facts explain the lack of semen and amylase in the DNA testing." 2019 WL 1499378, at *3.

*More district court motions followed.*

In February 2017, Hill filed a pro se K.S.A. 60-1507 motion. He alleged (1) the State knowingly withheld the results of DNA evidence that excluded him as a suspect and (2) ineffective assistance of plea counsel. He also suggested he was coerced into taking a plea.

The district court summarily denied the motion. The court found the State could not have withheld DNA evidence because the KBI did not test the rape kit until three years after Hill's plea. The testing was in response to Hill's motion for postconviction DNA testing. The results of the testing did not exclude Hill. Further, Hill appealed the denial of his motion to withdraw his plea and lost.

In April 2022, Hill again moved for DNA testing of his victim's rape kit under K.S.A. 21-2512. This time—uncounseled—he asked for testing of "trace evidence collected in the rape kit." On September 2, 2022, he filed a motion for appointment of counsel. On September 12, 2022, the district court summarily dismissed the motions,

finding the motion for DNA testing to be a repeat of his previous motion for DNA testing.

In January 2023, Hill filed a pro se motion entitled "petition of actual innocence." He claimed that when the plea was offered, the State was aware that there may be an issue with Hill's mental competency and that a forensic medical exam found no evidence of injury or trauma. Hill claimed the State withheld the results of the forensic medical exam. He asserted the corpus delicti rule applied and that no crime had been committed.

On March 20, 2023, Hill filed what he titled a "premature notice of appeal" to "the denial of the petition that is before the court, concerning the 'Petition of Actual Innocence,' filed with this court January 19, 2023."

In June 2023, Hill moved to withdraw from his plea agreement to prevent manifest injustice under K.S.A. 60-1507(f)(2). He alleged it was manifest injustice that the State had offered him a plea agreement unsupported by probable cause. He also repeated the allegations he made in his petition of actual innocence.

On July 7, 2023, Hill filed another self-titled premature notice of appeal referencing his motion to withdraw plea agreement and motion of actual innocence.

On August 28, 2023, the district court summarily denied Hill's petition of actual innocence, motion to withdraw plea agreement, and other related 2023 filings. It construed his motions as requests for relief under K.S.A. 60-1507. The court found Hill's claims had been or could have been raised in his 2017 K.S.A. 60-1507 motion. Hill offered no new evidence.

On September 15, 2023, Hill filed a notice of appeal and motion for appointment of counsel, referencing his claim of innocence and a desire to withdraw his plea.

Finally, in response to our show cause order on our jurisdiction to hear this appeal, Hill stated that the subject of the present appeal is a "'petition for actual innocence'" filed on January 23, 2023, that the district denied on August 28, 2023.

*The following sequence of events shows why we must dismiss this appeal.*

Hill filed several motions without benefit of counsel, which gave an impression that he was grasping at straws. Most importantly, in this jumble of court filings, Hill did not file a notice of appeal. In April 2022, Hill moved for additional DNA testing under K.S.A. 21-2512. On September 2, 2022, he filed a motion for appointment of counsel. He stated that an attorney is needed in this matter to facilitate communication regarding testing and to obtain and interpret the results with respect to the laws of Kansas. On September 12, 2022, the district court summarily dismissed the two motions.

In January 2023, Hill filed a petition of actual innocence. On March 20, 2023, Hill then filed a premature notice of appeal referencing his petition of actual innocence. Then, in June 2023, Hill moved to withdraw from his plea agreement. This was followed in July 2023, by Hill filing another premature notice of appeal referencing his motion to withdraw from the plea agreement and petition of actual innocence.

Dismissals followed. On August 28, 2023, the district court summarily denied Hill's petition of actual innocence and other related 2023 filings. On September 15, 2023, Hill filed a notice of appeal, referring to his claim of innocence and attempt to withdraw his plea.

Our search of the record reveals that Hill never filed a notice of appeal concerning the district court's dismissal of his motion for DNA testing. His subsequent notices of appeal specifically designated the denial of his petition of actual innocence and motion to withdraw plea agreement as the subject of the appeal. The district court's order denying

6

those filings does not reference its previous dismissal of the DNA testing motion. Even if any of his notices of appeal could be construed to encompass that order, they would be out-of-time. The district court's September 2022 order was a final judgment. A motion for postconviction DNA testing is an independent procedure under K.S.A. 21-2512. The district court dismissed the motion, leaving no question or future action for the court on the matter. Hill failed to file a notice of appeal within 30 days of the district court's September 2022 order.

This appeal must be dismissed for want of jurisdiction.

*Hill's petition of actual innocence is not properly before us.*

Hill claims that the district court erred by summarily dismissing the petition of actual innocence filed on January 23, 2023, because there was no DNA testing performed on the rape kit results before his plea agreement or subsequently, despite his repeated requests for such testing.

In his petition of actual innocence, Hill claimed the State offered his plea knowing that there may be an issue with his mental competency. He claimed that if a rape had occurred, there would have been some evidence of penetration such as injury or trauma to the vagina of the victim, but a forensic medical exam found no evidence of injury or trauma. He claimed the State withheld the results of the forensic medical exam before he entered his plea, which prevented him from making an informed decision. He asserted the corpus delicti rule applied and that no crime had been committed. He maintained his innocence and requested the district court to review the record and the results of the forensic report that had been ordered.

Simply put, Hill tries to characterize this issue as a challenge to the district court's dismissal of both his motion for DNA testing *and* petition for actual innocence. But, his

only argument on appeal is that the district court should have ordered more advanced DNA testing of trace evidence in the rape kit. That issue of more advanced testing was *not* raised in his petition for actual innocence.

This failure to argue means that Hill did not adequately brief any issue that was raised in his petition for actual innocence and has therefore waived all such issues. The rules on this are well-established. Issues not adequately briefed are deemed waived or abandoned. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021). And the other points he raised are incidental and unargued. A point raised incidentally in a brief and not argued therein is deemed waived or abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). We must follow those rules and deem this question to be waived or abandoned.

*We cannot resolve Hill's ineffective assistance of counsel claim that was raised for the first time on appeal.*

Hill argues it was ineffective assistance of counsel for trial counsel to fail to request DNA testing of the rape kit and again ineffective for postconviction counsel to fail to request further testing of the remaining samples. These claims were not raised in district court.

In response, the State contends this court is precluded from reviewing the issue because Hill raises ineffective assistance of counsel for the first time on appeal and did not ask for a *Van Cleave* hearing according to the rule in *State v. Van Cleave*, 239 Kan. 117, 120, 716 P.2d 580 (1986). The State contends that Hill inadequately briefed the issue.

The State is correct. Hill neither preserved this issue for review nor has he requested a remand for a *Van Cleave* hearing. He fails to acknowledge that he did not

raise this issue below. Thus, we will not review the issue under the rule in *State v. Hilyard*, 316 Kan. 326, 340, 515 P.3d 267 (2022). The issue is not preserved.

Appeal dismissed.