NOT DESIGNATED FOR PUBLICATION

No. 117,186

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GLENN A. WHITE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed December 8, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jon S. Simpson*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER, J., and STUTZMAN, S.J.


STUTZMAN, S.J.: In 2003, a Cowley County jury found Glenn A. White to be a sexually violent predator, resulting in his civil commitment for treatment pursuant to the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 et seq. (KSVPA). White filed a petition for a writ of habeas corpus in the district court of Pawnee County, which the district court dismissed summarily. Since we find no error in the district court's action, we affirm.

1

FACTS AND PROCEDURAL BACKGROUND

A summary of the facts that brought White into involuntary treatment under the KSVPA can be found in the decision on his direct appeal at *In re Care and Treatment of White*, No. 91,687, 2005 WL 823895, at *1 (Kan. App. 2005) (unpublished opinion). That decision was filed on April 8, 2005, and White's petition for review of that decision was denied on September 22, 2005. Those facts are omitted here, as the issues of this appeal do not require repetition.

The present appeal arises from a petition for a writ of habeas corpus that White filed in the Pawnee County District Court on December 5, 2014, almost 11 years after the jury trial that led to his present commitment, and over 9 years after his direct appeal was final. The district court issued the writ on April 2, 2015, and directed the State of Kansas to respond. That answer was filed on May 18, 2015. After the State filed its answer, White sent correspondence to the district court, which he clarified was not intended to constitute a response to the State's answer. White made multiple requests to the district court for appointment of counsel.

In its "Memorandum Decision and Order," the district court found at the outset that it lacked jurisdiction to consider White's issues because the petition was not timely filed, thereby requiring dismissal. Nonetheless, in case some basis might be found to permit him to file out of time, the district court then considered White's claims. The court found that White's claim that his trial counsel was ineffective failed on the merits, his complaint about his treatment program was not a constitutional issue since he had a statutory course of action available under the KSVPA and he did not allege any shocking and intolerable conduct, and he was not entitled to appointed counsel on his petition for the writ since it was being summarily dismissed.

White timely filed this appeal.

2

*Timeliness of White's 60-1501 petition.*

Our initial question must be the timeliness of White's petition to the district court. K.S.A. 2016 Supp. 60-1501(c) sets the time for filing a petition:

> "Except as provided in K.S.A. 60-1507, and amendments thereto, a patient in the custody of the secretary for aging and disability services pursuant to K.S.A. 59-29a01 et seq., and amendments thereto, shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the patient's timely attempts to exhaust such patient's administrative remedies."

White concedes "from the facts and circumstances" of his case that his 60-1501 petition was untimely. He argues, however, that the district court could have found it would be a manifest injustice not to consider the untimely petition.

*Can White's untimely filing be cured by a finding of manifest injustice?*

*Procedural threshold*

The State argues White has not complied procedurally to bring the untimeliness issue—and his claim for an exception—before this court. Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34-35) applies: "(a) **Required Contents.** An appellant's brief must contain the following: . . . (5) . . . *If [an] issue was not raised below, there must be an explanation why the issue is properly before the court.*" (Emphasis added.)

White's underlying habeas petition never addressed why his untimely K.S.A. 2016 Supp. 60-1501 petition was properly before the district court, and he has failed to brief

why the issue is properly before this court for the first time on appeal. White now argues that the merits of his untimely petition should be heard to prevent manifest injustice, but that argument is not a substitute for compliance with the rule. The Kansas Supreme Court has held that Supreme Court Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (litigants have no excuse for noncompliance with Rule 6.02[a][5]).

White's failure to follow the requirements of the rule means the late filing issue, upon which the district court based its summary dismissal, is not properly before us for review. Even if White had provided a persuasive explanation for taking up that issue, however, the outcome would be the same.

Vontress v. State

White argues the "only remedy" that can overcome his failure to file within the time limit is a finding by the court that it would be a manifest injustice to reject his petition. He directs us to *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014), for support. In *Vontress*, our Supreme Court considered a K.S.A. 60-1507 motion that Vontress filed over four years after the deadline established in K.S.A. 60-1507(f).

Before any discussion of the specific injustice White claims, however, we first consider whether an exception for manifest injustice applies to the time limits in K.S.A. 2016 Supp. 60-1501.

*Structure of the habeas corpus statutes*

K.S.A. 2016 Supp. 60-1501 sets two separate paths for habeas corpus proceedings by making K.S.A. 2016 Supp. 60-1501(a) "[s]*ubject to the provisions of K.S.A. 60-1507*," and prefacing both K.S.A. 2016 Supp. 60-1501(b) and K.S.A. 2016 Supp. 60-1501(c)

4

with "[e]xcept *as provided in K.S.A. 60-1507*." (Emphases added). As the identified exception to the rules in K.S.A. 2016 Supp. 60-1501, K.S.A. 2016 Supp. 60-1507(a) opens with a clear statement of its purpose:

"*Motion attacking sentence*. A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence."

Thus, a two-tier structure is prescribed for habeas corpus proceedings: K.S.A. 2016 Supp. 60-1501 applies to "any person in this state who is detained, confined or restrained of liberty on any pretense whatsoever," *unless* that person is a "prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released" via a collateral attack, in which case the remedy lies in K.S.A. 2016 Supp. 60-1507. K.S.A. 2016 Supp. 60-1501(b) establishes a right for an inmate who wants to challenge the conditions of confinement, rather than assert a collateral attack on his or her sentence. But since White is civilly committed for treatment and is not a prisoner attacking his sentence, the time limitation applicable to his 60-1501 petition is the one prescribed in K.S.A. 2016 Supp. 60-1501(c)—"30 days from the date the action was final."

Stated differently, the "subject to" and "except as provided in" clauses in K.S.A. 2016 Supp. 60-1501 are not intended to pull provisions into that section from K.S.A. 2016 Supp. 60-1507; they point to the subset of habeas corpus statutes that applies to a specific group of petitioners seeking a particular type of relief. Therefore, the K.S.A. 2016 Supp. 60-1507(f) manifest injustice exception for untimely filing is applicable to

5

60-1507 motions but not to petitions from those, like White, who must file under K.S.A. 2016 Supp. 60-1501 because they are not prisoners under sentence. Our Supreme Court recognized this distinction in *In re Care & Treatment of Ontiberos*, 295 Kan. 10, 26-27, 287 P.3d 855 (2012).

Ontiberos

A jury found Ontiberos to be a sexually violent predator. He appealed, and this court reversed, finding Ontiberos' trial counsel was ineffective and the State's attorney committed misconduct during the trial. *In re Care & Treatment of Ontiberos,* 45 Kan. App. 2d 235, 254-56, 247 P.3d 686 (2011). Among the issues discussed by our Supreme Court on review was the means by which a person found to be a sexually violent predator could challenge the effectiveness of counsel at the civil trial. As part of his claim that the KSVPA was unconstitutional, Ontiberos contended he had no way to raise ineffectiveness of trial counsel in his direct appeal and could not raise that challenge in a collateral attack under K.S.A. 60-1501.

In his appeal to this court, however, Ontiberos' appellate counsel requested and was granted a remand to the district court pursuant to *State v. Van Cleave,* 239 Kan. 117, 716 P.2d 580 (1986), for an evidentiary hearing on his claims of ineffective assistance by his trial counsel. 295 Kan. at 15. Before the Supreme Court, Ontiberos reversed his field and claimed there had been no authority to grant the remand he had requested.

The Supreme Court took on the task of deciding whether *Van Cleave* was applicable to an ineffectiveness claim made in the appeal of a case based on the KSVPA. In doing so, the court observed "[t]he obvious distinction from *Van Cleave* is that K.S.A. 60-1507 would not apply to a KSVPA proceeding. *See K.S.A. 60–1507(a) (defining statute's scope as extending to a prisoner in custody under a sentence)*." (Emphasis

6

added.) *Ontiberos*, 295 Kan. at 26. The court then rejected Ontiberos' claim that only a person challenging the conditions of his or her confinement could use K.S.A. 60-1501.

"Ontiberos' claim lacks merit because it contradicts the plain language of the 60-1501 statute . . . . *The statute's plain language provides a remedy to any detained person who is excluded from K.S.A. 60-1507's provisions*." (Emphasis added.) 295 Kan. at 26-27.

The Supreme Court's reasoning incorporated an understanding that K.S.A. 60-1501 and K.S.A. 60-1507 apply to distinct groups.

*Prior decisions by other panels of this court*

We acknowledge that other panels of this court have applied the K.S.A. 60-1507(f) manifest injustice exception to a petition filed under 60-1501. See *Griffin v. Bruffett*, 53 Kan. App. 2d 589, 389 P.3d 992 (2017), and *Piersee v. Bruffett*, No. 115,489, 2017 WL 543555 (Kan. App. 2017) (unpublished opinion). The panels in *Griffin* and *Piersee* appear to have based their acceptance of the availability of a manifest injustice exception on *In re Care & Treatment of Howard*, No. 108,552, 2014 WL 113428, (Kan. App. 2014) (unpublished opinion). *Griffin*, 53 Kan. App. 2d at 600; *Piersee*, 2017 WL 543555, at *3. For that reason, we next need to consider the context of the *Howard* court's holdings.

*Context of the manifest injustice exception in* Howard

In *Howard*, the court stated that:

"The version of K.S.A. 60–1501 applicable to this case, provides that any person who is detained, confined, or restrained of liberty may prosecute a writ of habeas corpus '[s]ubject to the provisions of K.S.A. 60-1507.' . . . The time limitation articulated

7

in K.S.A. 60-1507(f)(l) 'may be extended by the court *only* to prevent a manifest injustice.' (Emphasis added.) K.S.A. 60-1507(f)(2)." 2014 WL 113428, at *3.

*Howard* arose from a factual background distinct from the one we consider here. Howard was under treatment in the Sexual Predator Treatment Program (SPTP) until the district court removed him from the program and transferred him to the custody of the Kansas Department of Corrections (KDOC) to serve sentences for crimes he had committed while he was in the SPTP. While in KDOC custody, he filed in the Sedgwick County District Court a "'Pro Se Petition for Release . . . Pursuant to [K.S.A. 2012 Supp.] 59-29a08(a).'" 2014 WL 113428, at *1.

Howard did not ask the district court to consider his petition to be a habeas corpus petition under K.S.A. 60-1501. On appeal, however, he argued the district court should have imposed that construction sua sponte. The court commented that Howard could have petitioned for his release after each of his annual reviews while in the SPTP and, had a petition been denied, he could have filed a direct appeal to this court within 30 days of entry of judgment. 2014 WL 113428, at *3. Howard had not pursued those appeal opportunities, but, for the purpose of analysis, this court considered his petition as if it were filed under K.S.A. 60-1501 and held the district court had no basis to construe Howard's petition as a habeas filing under K.S.A. 60-1501 because it was neither timely filed nor filed in the county of his confinement. 2014 WL 113428, at *4.

It was within that provisional analysis of Howard's petition *as if* it were filed under K.S.A. 60-1501 that the court looked at the initial clause of K.S.A. 60-1501(a): "*Subject to the provisions of K.S.A. 60-1507*, . . . any person in this state who is detained, confined, or restrained of liberty . . . may prosecute a writ of habeas corpus," (emphasis added) and concluded it was a path to the manifest injustice provision in K.S.A. 60-1507. As we have stated, that panel concluded that Howard's petition could not properly be construed as a K.S.A. 60-1501 filing. Accordingly, the references in *Howard* to application of a

8

manifest injustice exception to a filing under K.S.A. 60-1501 were unnecessary for that court's holding.

As presented in *Howard*, the statements made as part of the hypothetical consideration of a manifest injustice exception were dicta. "Dicta in a court opinion is not binding, even on the court itself, because the court should consider the issue in light of the briefs and arguments of counsel when the question is squarely presented for decision." *Law v. Law Company Building Assocs.*, 295 Kan. 551, Syl. ¶ 1, 289 P.3d 1066 (2012). Since Howard did not allege manifest injustice in the district court, the applicability of that exception to the time limitation was not an argued and determinative issue. We do not find the *Howard* reading of these statutes persuasive on the questions presented here.

Vontress *factors codified—and modified*

Manifest injustice is a statutory exception to the statutory time limit for filing a claim under K.S.A. 2016 Supp. 60-1507. That exception was inserted into the statute by the Legislature in 2003, predating *Vontress* by 11 years. L. 2003, ch. 65, § 1. Two years after *Vontress*, in 2016, the Legislature modified the manifest injustice exception in K.S.A. 60-1507 by amending it to include two of the three *Vontress* factors—omitting the factor concerning examination of the merits of the movant's claim to see whether substantial issues of law or fact have been raised. L. 2016, ch. 58, § 2; see 299 Kan. at 616. K.S.A. 2016 Supp. 60-1507(f)(2) now statutorily restricts the scope of a court's assessment of a claim for a manifest injustice exception under that section:

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice.

(A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within

9

the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence.

(B) If the court makes a manifest-injustice finding, it must state the factual and legal basis for such finding in writing with service to the parties.

"(3) If the court, upon its own inspection of the motions, files and records of the case, determines the time limitations under this section have been exceeded and that the dismissal of the motion would not equate with manifest injustice, the district court must dismiss the motion as untimely filed." K.S.A. 2016 Supp. 60-1507(f)(2)-(3).

In *Vontress*, the Supreme Court was required to interpret the Legislature's intention in K.S.A. 60-1507(f). The court repeated the familiar standard for that interpretation:

> "When interpreting statutes, we are mindful that
>
>> ""[t]he fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. When language is plain and unambiguous, there is no need to resort to statutory construction. An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there.' *Zimmerman v. Board of Wabaunsee County Comm'rs,* 289 Kan. 926, Syl. ¶ 3, 218 P.3d 400 (2009)." [Citation omitted.]' *Holt,* 298 Kan. at 474, 313 P.3d 826.
>
> Stated another way, the best and only safe rule for ascertaining the intention of the makers of any written law is to abide by the language they have used. See *Gannon v. State,* 298 Kan. 1107, 1142, 319 P.3d 1196 (2014) (citing *Wright v. Noell,* 16 Kan. 601, 607, 1876 WL 1081 [1876])." 299 Kan. at 611.

After the 2016 amendments incorporating only two of the *Vontress* factors into the statute, the Legislature's intent concerning manifest injustice claims is plain and unambiguous—the *Vontress* method, looking to the "totality of the circumstances" and a

10

"nonexhaustive list" of factors, specifying three in particular, is not the Legislature's intent. See 299 Kan. at 616. The clear intent is the narrower, more limited review that is now a part of K.S.A. 2016 Supp. 60-1507(f). As a result, any manifest injustice claim proposing a rationale outside that boundary is clearly subject to dismissal.

The structure of the habeas corpus statutes limits the provisions of K.S.A. 2016 Supp. 60-1507 to the category of prisoners expressly named. Previous interpretations of that section to allow consideration of manifest injustice claims made by those in the SPTP are without support in the statute or caselaw. And while the Legislature placed a manifest injustice exception into 60-1507(f), then prescribed its limits, the Legislature has not done the same for K.S.A. 2016 Supp. 60-1501. Based on the plain language of the habeas corpus statutes, read together, we find there is no manifest injustice exception to the requirement for timely filing a petition under K.S.A. 2016 Supp. 60-1501.

White's claim for a manifest injustice exception to save his late filing is based on the second *Vontress* factor, asserting his petition raised "substantial issues of law or fact." Even if the manifest injustice exception from K.S.A. 2016 Supp. 60-1507(f)(2) were to be engrafted onto K.S.A. 2016 Supp. 60-1501 for White's claim, that section does not include his claim among those that may be considered.

*White's progress in the SPTP; appointment of counsel*

White makes two further claims but acknowledges they face obstacles. First, he asserts a claim relating to his lack of progress in the SPTP. As the district court noted in its rejection of this claim, White failed to show shocking and intolerable conduct and he has a statutory remedy within the KSVPA to assert those claims. For those reasons, that claim fails.

11

Second, White asserts counsel should have been appointed to represent him on his petition. "In *Merryfield v. State*, 44 Kan. App. 2d 817, 826, 241 P.3d 573 (2010), our court held constitutional principles of due process require the court to appoint counsel for a civilly committed sexual predator filing a K.S.A. 2016 Supp. 60-1501 petition if the claims asserted in the petition are not subject to summary dismissal." *Johnson v. Bruffett*, No. 115,868, 2017 WL 2001623, at *4 (Kan. App.) (unpublished opinion), *rev. denied* October 25, 2017. We find, as did the district court, that White's claims were subject to summary dismissal. The district court did not err in denying appointment of counsel.

*Conclusion*

White's petition was not timely filed, and the manifest injustice exception he claims does not apply to his 60-1501 petition. Even if that were not the case, the factor from *Vontress* upon which he relies has been legislatively eliminated in the incorporation of a restricted exception into K.S.A. 2016 Supp. 60-1507. White's other arguments are without merit, so we find no error by the district court in summarily denying White's petition.

Affirmed.

* * *

ARNOLD-BURGER, C.J., concurring: The majority properly finds that because Glenn A. White did not argue before the district court that manifest injustice requires the court to consider his untimely habeas corpus petition, "[the issue] is not properly before us for review." Slip op. at 4. Our Supreme Court has firmly held that if an issue was not raised before the district court it cannot be raised for the first time on appeal absent an explanation. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Because White provided no explanation in his appellate brief, the majority reaches the proper

conclusion. But contrary to most expectations, the opinion does not end there. The majority goes on, in dicta, to discuss whether the manifest injustice standard contained in K.S.A. 2016 Supp. 60-1507(f)(2) extends the statute of limitations in an action filed under K.S.A. 2016 Supp. 60-1501. It concludes that the manifest injustice exception does not apply to an otherwise untimely action filed under K.S.A. 2016 Supp. 60-1501(c). I disagree.

White filed an action under K.S.A. 2016 Supp. 60-1501, challenging the conditions of his civil confinement as a sexually violent predator. The statute requires that such actions be brought within 30 days of the date any action by the Secretary for Aging and Disability Services was final. The time is extended during the pendency of the patient's timely attempts to exhaust his or her administrative remedies. K.S.A. 2016 Supp. 60-1501(c). Whether the manifest justice standard contained in K.S.A. 2016 Supp. 60-1507(f)(2) applies to extend the 30-day limit in 60-1501 is purely a matter of statutory construction.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 304 Kan. at 409. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. 304 Kan. at 409.

And most importantly to our interpretation of the statutes involved here, the court presumes that the Legislature does not intend to enact superfluous or redundant legislation. See *Board of Miami County Comm'rs v. Kanza Rail-Trails Conservancy, Inc.*, 292 Kan. 285, 322, 255 P.3d 1186 (2011). Courts generally presume that the Legislature acts with full knowledge about the statutory subject matter, including prior and existing law, and judicial decisions interpreting the same. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1000, 348 P.3d 602 (2015).

I agree with the majority that K.S.A. 2016 Supp. 60-1501 and K.S.A. 2016 Supp. 60-1507 set forth two separate paths for habeas corpus proceedings. I also agree that this sets up a two-tier structure. K.S.A. 2016 Supp. 60-1501(a) applies to "any person in this state who is detained, confined or restrained of liberty on any pretense whatsoever," *unless* that person is a "prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released" via a collateral attack, in which case the remedy lies in K.S.A. 2016 Supp. 60-1507(a). Thus the Legislature set out the prefatory language in K.S.A. 2016 Supp. 60-1501(a) making the entire statute "[s]ubject to the provisions of K.S.A. 60-1507." That language alone accomplishes everything the majority argues that K.S.A. 2016 Supp. 60-1501 stands for. But the Legislature did not stop there. If it had, I would agree with the majority's conclusion that manifest injustice does not have any application to a petition filed under K.S.A. 2016 Supp. 60-1501.

But, the subsection of the statute at issue here, K.S.A. 2016 Supp. 60-1501(c), goes one step further to establish:

"*Except as provided in K.S.A. 60-1507*, and amendments thereto, a patient in the custody of the secretary for aging and disability services pursuant to K.S.A. 59-29a01 et seq., and amendments thereto, shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the patient's timely attempts to exhaust such patient's administrative remedies." (Emphasis added.)

14

Clearly, the reader must examine K.S.A. 2016 Supp. 60-1507 to determine what exceptions apply to this general rule. There is only one exception in K.S.A. 2016 Supp. 60-1507 to time limits. There is unequivocally only one provision that the Legislature could possibly be referring to, K.S.A. 2016 Supp. 60-1507(f)(2): "The time limitation herein may be extended by the court only to prevent a manifest injustice." The statute then goes on to explain that the court is only to consider the reasons why the prisoner failed to meet the time limits and whether the prisoner makes a colorable claim of actual innocence. K.S.A. 2016 Supp. 60-1507(f)(2)(A). In the case of manifest injustice, the district judge examines the evidence and uses his or her discretion to determine the existence of manifest injustice, unlike the mandatory extension when the prisoner is attempting to exhaust administrative remedies as set forth in K.S.A. 2016 Supp. 60-1501(c). To find otherwise, renders the "except as provided in K.S.A. 60-1507" language absolutely meaningless. "It is presumed the legislature understood the meaning of the words it used and intended to use them . . . in their ordinary and common meaning." *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, Syl. ¶ 8, 834 P.2d 368 (1992).

The "except as provided" language in K.S.A. 2016 Supp. 60-1501(c) clearly and unambiguously means that one should look to K.S.A. 2016 Supp. 60-1507 for an exception to the rule stated in K.S.A. 2016 Supp. 60-1501(c). There is no need to examine any other rules of statutory construction or legislative history. We assume the Legislature means what it says. As our Supreme Court wrote in *Gannon v. State*, 298 Kan. 1107, 1143, 319 P.3d 1196 (2014) (quoting *Wright v. Noell*, 16 Kan. 601, 607, 1876 WL 1081 [1876]), "'the best and only safe rule for ascertaining the intention of the makers of any written law is to abide by the language they have used.'" Whether we believe the language was ill-advised is irrelevant. Accordingly, I record my disagreement with the majority's conclusion, in dicta, that the manifest injustice exception does not apply to petitions filed under K.S.A. 2016 Supp. 60-1501(c). Otherwise, I agree with the result in this case.

15