NOT DESIGNATED FOR PUBLICATION

No. 121,903

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MANZOOR JAGHOORI,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed March 5, 2021.
Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and WARNER, JJ.

PER CURIAM: Manzoor Jaghoori appeals the district court's denial of his K.S.A. 60-1507 motion. He argues that the court should have held an evidentiary hearing on his claims that he received ineffective assistance of trial and appellate counsel. After carefully considering the record before us and the parties' arguments, we find no error and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Jaghoori's case has travelled a long road with mixed success. After he was involved in an August 2006 altercation in an alley behind a bar over a set of car speakers, the State charged Jaghoori with aggravated robbery, two counts of aggravated assault, and criminal possession of a firearm. See *State v. Jaghoori*, No. 99,469, 2009 WL 2762457, at *1 (Kan. App. 2009) (unpublished opinion), *rev. denied* June 24, 2010 (*Jaghoori I*). The State based these charges, in part, on an allegation that Jaghoori possessed a gun during the fight over the speakers.

To prove the criminal-possession charge, the State needed to establish that Jaghoori possessed a firearm and that he had previously been convicted of a qualifying felony. When his case was first tried in August 2007, Jaghoori's attorney and the State jointly stipulated that he had previously been convicted of attempted aggravated battery with a firearm. And Jaghoori, who personally testified at trial, also discussed this previous conviction while he was on the witness stand. Though most of his testimony concerned the facts leading up to and surrounding the fight, Jaghoori acknowledged that he had a prior felony conviction that involved a gun. But he asserted that this history did not mean he possessed a firearm during the fight in August 2006.

The jury convicted him on all counts. And because he had not preserved any of the errors he asserted in his direct appeal, the Court of Appeals affirmed his convictions. 2009 WL 2762457, at *2.

Jaghoori then filed a K.S.A. 60-1507 motion, arguing his attorney provided ineffective assistance by stipulating to his specific conviction (attempted aggravated battery with a firearm) instead of stipulating more generally that he had been convicted of a person felony. *Jaghoori v. State*, No. 108,892, 2013 WL 5925964, at *1-2 (Kan. App. 2013) (unpublished opinion), *rev. denied* 299 Kan. 1270 (2014) (*Jaghoori II*). After a

2

hearing, the district court granted Jaghoori's motion and ordered a new trial, and this court affirmed. 2013 WL 5925964, at *6-7.

The district court appointed Michael Bartee to represent Jaghoori in his second trial. Bartee and the State discussed two pretrial issues relevant to this appeal:

- *First*, Bartee objected to the State using Jaghoori's testimony from the earlier trial, arguing the ineffective assistance of Jaghoori's attorney during his first trial tainted his decision to testify.

- *Second*, Bartee and the State discussed the least prejudicial method of proving Jaghoori's prior conviction, as Jaghoori refused to stipulate that he had the requisite criminal history to give rise to the criminal-possession charge.

After hearing arguments on these matters, the court determined that portions of Jaghoori's earlier trial testimony were admissible, though the portions of the testimony discussing Jaghoori's criminal history were not. And the court indicated it was inclined to admit a redacted journal entry documenting Jaghoori's prior conviction, though the State and Bartee could discuss how much of the journal entry should be redacted before trial.

During jury selection, the court read the charges to the potential jurors—including the charge that Jaghoori had "unlawfully possess[ed] a firearm after [he] had been convicted of a person felony in Johnson County case 04CR2578 on December 3, 2004, and was found to be in possession of a firearm at the time of the commission of the previous offense." When Bartee asked those prospective jurors whether they could impartially decide the case based on the charges, a few noted doing so would be difficult if he had a prior conviction. Later, Bartee asked them about applying the presumption of innocence, saying, "Here's this guy. He's accused of these things, he's got a prior record. And you're supposed to presume that he is innocent. Can you do that?" Several

prospective jurors expressed concerns about applying the presumption. Bartee then asked whether anyone could *not* be impartial if the defendant had a prior conviction.

During the trial's evidentiary phase, the court allowed the State—over Bartee's objection—to read Jaghoori's redacted testimony from the first trial. (Jaghoori did not testify in person at the second trial.) And the court admitted a heavily redacted copy of the journal entry of Jaghoori's earlier conviction, again over Bartee's objection. The jury ultimately convicted Jaghoori of aggravated robbery and found him not guilty of the other crimes charged (including criminal possession of a firearm). This court affirmed his conviction. *State v. Jaghoori*, No. 112,920, 2016 WL 4262485 (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. 1255 (2017) (*Jaghoori III*).

Jaghoori filed the pro se K.S.A. 60-1507 motion giving rise to this appeal in August 2017. He asserted three claims: (1) ineffective assistance of trial counsel, claiming Bartee agreed to a stipulation regarding his previous conviction and also failed to effectively cross-examine witnesses; (2) judicial error, claiming the court erred when it admitted Jaghoori's earlier trial testimony; and (3) prosecutorial error, claiming the State did not disclose information to the defense. His motion also alleged that the reason these claims had not been presented during his direct appeal was because his appellate counsel, Michael Whalen, had provided constitutionally defective representation.

The district court appointed an attorney for Jaghoori and held a nonevidentiary hearing in November 2018. The court then denied the motion, finding that Bartee had not stipulated to anything and that Jaghoori had not shown Whalen provided ineffective appellate assistance. The court also found that there was no error in admitting the transcript because Jaghoori had not shown that the portions of his testimony that were read at the second trial were tainted by the improper stipulation in the first trial regarding his prior conviction. Jaghoori appeals.

4

## DISCUSSION

K.S.A. 2020 Supp. 60-1507(a) provides a collateral vehicle for those convicted of crimes to challenge the fairness of the proceedings leading to their convictions. A court considering a K.S.A. 60-1507 motion may take three courses of action, depending on the motion's contents. First, the court may summarily deny the motion without a hearing if the motion, files, and records from the case conclusively show the movant is not entitled to relief. Second, the court may order a preliminary hearing and appoint the movant counsel if a potentially substantial issue exists that requires further development. And third, the court may hold an evidentiary hearing on the movant's claims. K.S.A. 2020 Supp. 60-1507(b); see *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017).

To avoid the summary denial of his K.S.A. 60-1507 motion, Jaghoori bore the burden of establishing that his claims warranted an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 2020 Supp. 60-1507(b); Supreme Court Rule 183(f) (2020 Kan. S. Ct. R. 223); see also *Mundy v. State*, 307 Kan. 280, 302, 408 P.3d 965 (2018) (holding that the condition triggering the evidentiary hearing requirement is a district court's determination that the motion presents substantial issues of law or fact).

An appellate court's standard of review when examining a K.S.A. 60-1507 motion varies, depending on how the district court ruled. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). When the district court summarily denies a K.S.A. 60-1507 motion—as it did here—an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

1. *Though Jaghoori did not argue the specific issues he raises on appeal to the district court, the unique history of this case warrants consideration of his claims.*

Jaghoori argues that the district court erred by dismissing his K.S.A. 60-1507 motion without an evidentiary hearing in two respects. He claims that his trial counsel, Michael Bartee, provided constitutionally defective representation and violated his right to autonomy when he asked questions during jury selection about how they might be swayed by Jaghoori's prior conviction, knowing Jaghoori had not agreed to stipulate to that fact. And he claims that his appellate attorney, Michael Whalen, provided ineffective assistance of counsel because he did not challenge the admissibility of Jaghoori's testimony from his first trial during the direct appeal of his conviction.

Before we turn to the merits of Jaghoori's arguments, we observe that our review of the issues raised in this appeal is hindered by the fact that neither of the arguments he now asserts were presented, in their current form, to the district court.

- Though Jaghoori's K.S.A. 60-1507 motion did challenge the effectiveness of his trial attorney, he alleged that Bartee entered into a stipulation regarding Jaghoori's prior felony conviction without his consent. The district court, on reviewing this allegation, found that Bartee had never stipulated to the fact of Jaghoori's prior conviction and objected to the admissibility of the redacted journal entry of that conviction. Jaghoori did not specifically challenge Bartee's questions during jury selection, nor did the district court squarely consider that issue.

- Though Jaghoori raised the admissibility of his testimony from the first trial, he did so through a claim of judicial error, not through the lens of whether it was ineffective assistance of counsel not to raise that question during his direct appeal.

Because appellate courts are courts of review, we do not generally consider issues (including constitutional claims) that were not raised before the district court. See *State v.*

6

*Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018); *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). And appellate courts rarely consider allegations of ineffective assistance of counsel raised for the first time on appeal. *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019). Such claims are subject to statutory time limitations and often turn on factual findings that require some evidentiary development, if not a full evidentiary hearing. See *Thompson v. State*, 293 Kan. 704, 713, 270 P.3d 1089 (2011); *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986).

At the same time, principles of fairness counsel that we liberally construe pro se pleadings like Jaghoori's K.S.A. 60-1507 motion, interpreting them based on their content and not on their labels or titles. *State v. Redding*, 310 Kan. 15, Syl. ¶ 1, 444 P.3d 989 (2019); *Mundy*, 307 Kan. 280, Syl. ¶ 8. Particularly in the realm of postconviction motions, courts "should consider the relief requested, rather than a formulaic adherence to pleading requirements." *Redding*, 310 Kan. at 18. But see 310 Kan. 15, Syl. ¶ 1 (courts need not address every conceivable interpretation of a pro se motion).

Given the strange road Jaghoori's case has travelled, we find that the record sufficiently allows us to address the challenges he now presents on appeal. Jaghoori's K.S.A. 60-1507 motion alleged his trial attorney entered into a stipulation without his consent; on appeal, he claims that Bartee's questions during jury selection *effectively stipulated* to his criminal record. And though Jaghoori's K.S.A. 60-1507 motion raised the admissibility of his earlier testimony in the context of judicial misconduct, he explained that this claim was not raised on direct appeal due to the ineffectiveness of his appellate counsel—the issue he raises during this appeal. We thus proceed to consider whether it was necessary to hold an evidentiary hearing before denying Jaghoori's claims.

2. *Jaghoori's trial counsel did not enter into a stipulation or otherwise concede to the facts surrounding Jaghoori's prior conviction.*

The Sixth Amendment to the United States Constitution ensures that a defendant is the master of his own defense, while the defendant's attorney provides "assistance" in effecting that defense. *Faretta v. California*, 422 U.S. 806, 819-820, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). Practically speaking, this means that some decisions are reserved for the defendant to personally direct—like whether to plead guilty or assert one's innocence, or whether to waive the right to a jury trial, to testify in one's behalf, or to forgo an appeal. See *McCoy v. Louisiana*, 584 U.S. ___, 138 S. Ct. 1500, 1508, 200 L. Ed. 2d 821 (2018). But strategic decisions about how to present that defense are "the exclusive province of the [defendant's] lawyer." *State v. Brown*, 305 Kan. 413, Syl. ¶ 6, 382 P.3d 852 (2016).

Courts' analysis of claims that an attorney provided ineffective assistance of counsel—claims Jaghoori asserts with respect to both his trial and appellate lawyers—respects this division of responsibilities. See *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Mundy*, 307 Kan. at 296. Because attorneys' actions are often strategic, we presume their conduct falls within the scope of reasonable professional assistance. See *Kelly*, 298 Kan. at 969-70. This means that Jaghoori must demonstrate errors so serious that his attorneys' performance fell below the standard guaranteed by the Sixth Amendment. *Mundy*, 307 Kan. at 296. And he must also show a reasonable probability that, but for his counsels' allegedly deficient performance, the outcome of his trial (or appeal) would have been different. *Miller v. State*, 298 Kan. 921, 934-35, 318 P.3d 155 (2014).

Jaghoori argues that Bartee's general questions and discussion of Jaghoori's prior conviction with potential jurors during jury selection without his permission was objectively unreasonable, citing this court's decision in *Jaghoori II*. And he claims these questions also undermined Jaghoori's right to autonomy—that is, his right to decide

whether to assert his innocence. See *McCoy*, 138 S. Ct. at 1508. Both assertions rely on an incorrect presumption that the attorney's questions amounted to a stipulation of that element of the State's case. But they did not.

At the beginning of jury selection, the district court read the State's charges against Jaghoori. For the criminal-possession charge, the court informed the jury that Jaghoori was charged with "unlawfully possess[ing] a firearm after [he] had been convicted of a person felony in Johnson County case 04CR2578 on December 3, 2004, and was found to be in possession of a firearm at the time of the commission of the previous offense." The court then explained that Jaghoori "pleads not guilty to each count."

After the court's introduction, the prosecutor started asking potential jurors questions. In his discussion of the presumption of Jaghoori's innocence, the prosecutor asked if any of the jurors thought the defendant "must have done something wrong because he wouldn't be [in court] if he didn't." One of the prospective jurors raised his hand, explaining that Jaghoori "has a felony charge of a gun charge." The same juror also mentioned that he had previous experiences with someone using a gun against him, and it was difficult to put that out of his mind.

When Bartee addressed the pool of potential jurors, the same juror indicated that he did not believe he could be impartial in light of his experiences, saying he "witnessed it happen and most of the time they were guilty." After this juror was excused for cause, Bartee addressed the rest of the jury pool and asked whether any of the jurors were uncomfortable when the court read the four charges against Jaghoori. As the discussion continued, another potential juror indicated he was "[s]lightly" concerned about his ability to remain impartial because of "the firearm charge that was mentioned." This potential juror explained that Jaghoori "must have been a convicted felon," which made it "more likely" (in his opinion) that Jaghoori would commit crimes again. It was against

9

this backdrop that Bartee asked the prospective jury pool whether anyone would be unable to fairly consider the evidence if Jaghoori had a criminal record.

Bartee never stipulated that Jaghoori had a prior conviction (let alone, as this court discussed in *Jaghoori II*, what that conviction was for). In fact, Bartee objected at trial to the admission of the redacted journal entry showing Jaghoori's prior conviction. Nor did his questions during jury selection—which were not evidence—admit that Jaghoori had been convicted of a crime. Instead, Bartee made the strategic decision to explore the impact a prior conviction might have on the potential jurors' ability to impartially consider the evidence and presume Jaghoori innocent of the crimes charged. See *State v. Robinson*, 306 Kan. 431, Syl. ¶ 3, 394 P.3d 868 (2017) (purpose of jury selection is "to select competent jurors who are without bias, prejudice, or partiality").

Contrary to Jaghoori's assertions on appeal, Bartee's questions during jury selection were well within the bounds of reasonable attorney strategy. And Jaghoori cannot show that these questions affected the outcome of his trial. Indeed, after hearing the evidence, the jury found him not guilty of three of the four crimes charged, including criminal possession of a firearm—the only crime where Jaghoori's prior conviction was relevant. Thus, Jaghoori fails to make either showing necessary to prevail on a claim of ineffective assistance of counsel. See *Mundy*, 307 Kan. at 296.

Finally, to the extent he attempts to cast his claim as one affecting his right to autonomy instead of his right to effective assistance of trial counsel, Jaghoori has not shown that these questions during jury selection overrode his decision to assert his innocence of the crimes charged. See *McCoy*, 138 S. Ct. at 1508. Jaghoori—through Bartee—continued to assert his innocence throughout the course of the trial. And this defense was successful as to three of the four charges, including the criminal-possession charge. Bartee's decision to "draw the sting" by generally discussing the effect of a prior

10

conviction during jury selection did not undermine or even affect Jaghoori's autonomy to decide whether to assert his innocence of these crimes.

Bartee's questions during jury selection were a reasonable trial strategy and did not violate Jaghoori's defense objective. The district court did not err by denying an evidentiary hearing on Jaghoori's claim for ineffective assistance of trial counsel.

3. *Jaghoori has not shown his appellate counsel provided deficient representation.*

Jaghoori also asserts his appellate counsel, Michael Whalen, provided ineffective assistance because he failed to raise the district court's admission of his former trial testimony during Jaghoori's direct appeal.

The "failure of counsel to raise an issue on appeal is not, per se, to be equated with ineffective assistance of counsel." *Baker v. State*, 243 Kan. 1, 9, 755 P.2d 493 (1988). Quoting *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983), the *Baker* court observed that "'[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.'" *Baker*, 243 Kan. at 9-10. This means that appellate counsel on direct appeal from a criminal conviction "should carefully consider the issues" and should not include "those that are weak or without merit, as well as those which could result in nothing more than harmless error." 243 Kan. at 10. In short, "[c]onscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit." 243 Kan. at 10.

Applying these principles here, to prevail on his claim for ineffective assistance of appellate counsel, Jaghoori must show that his transcript claim would have prevailed on

direct appeal—that is, he must demonstrate that the district court erred when it allowed portions of his former testimony to be read at his second trial. He has not done so.

It is true, as Jaghoori asserts, that the Fifth Amendment to the United States Constitution protects criminal defendants against compelled self-incrimination. *State v. Brown*, 286 Kan. 170, 172-73, 182 P.3d 1205 (2008). But Kansas courts have long recognized that a criminal defendant's prior voluntary testimony is admissible at a retrial unless it was compelled by the introduction of illegally obtained evidence. *State v. Willcox*, 240 Kan. 310, Syl. ¶ 2, 729 P.2d 451 (1986); *State v. Belone*, 51 Kan. App. 2d 179, Syl. ¶ 2, 186, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015).

Jaghoori has not shown that his decision to testify during his first trial resulted from his attorney's stipulation that Jaghoori had previously been convicted of attempted aggravated battery involving a firearm. See *Jaghoori II*, 2013 WL 5925964, at *6-7. This case is thus readily distinguishable from *Harrison v. United States*, 392 U.S. 219, 222-24, 88 S. Ct. 2008, 20 L. Ed. 2d 1047 (1968), where the United States Supreme Court found a defendant's prior trial testimony, entered to rebut wrongfully obtained confessions, was inadmissible. Our review of the record shows that most of Jaghoori's testimony during the first trial described the circumstances leading up to the fight involving the car stereo speakers. Though Jaghoori previously addressed his prior conviction, the district court excluded that portion of his testimony during the second trial. The court did not err when it found—both before his second trial and during its consideration of the current K.S.A. 60-1507 motion—that the other portions of his testimony were voluntary and admissible.

Because this testimony was admissible, Jaghoori's appellate counsel acted reasonably when he did not raise the issue during his direct appeal. See *Brown*, 243 Kan. at 10. The district court did not err when it summarily denied Jaghoori's K.S.A. 60-1507 motion.

Affirmed.