NOT DESIGNATED FOR PUBLICATION

No. 128,528

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEROY ALLEN JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Submitted without oral argument. Opinion filed June 12, 2026. Appeal dismissed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., HURST, J., and PAULA HOFAKER, District Judge, assigned.

PER CURIAM: Pursuant to a plea agreement with the State, Leroy Allen Jones was convicted of aggravated sexual battery and aggravated domestic battery. Jones was ordered to register under the Kansas Offender Registration Act (KORA) due to his conviction of aggravated sexual battery. Jones directly appeals from his criminal conviction and sentence, challenging the Shawnee County District Court's order for him to register as a sex offender on two constitutional bases. Finding both claims unpreserved, we dismiss his appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

On August 30, 2023, the State charged Jones with rape, aggravated criminal sodomy, and aggravated domestic battery. Later, the State amended the complaint, adding a charge of aggravated battery and an additional count of rape. Jones ultimately pled guilty to one count of aggravated sexual battery and one count of aggravated domestic battery.

The written plea agreement between Jones and the State stated:  "The defendant is required to register for the Aggravated Sexual Battery conviction." At the plea hearing, before accepting Jones' plea, the district court asked Jones if he understood that because he was entering a plea to aggravated sexual battery, he would be required to register as an offender. Jones confirmed that he understood and then immediately pled guilty to the charge. In support of Jones' motion for a dispositional departure from the presumptive prison sentence, Jones' attorney reasoned that the additional monitoring and reporting required by Jones' offender registration was "an additional gatekeeping mechanism we have for Mr. Jones that is not incarceration."

The district court sentenced Jones to 44 months in prison, denied his departure motion, and ordered lifetime postrelease supervision. Jones was ordered to register under KORA based upon his conviction of aggravated sexual battery.

Jones timely appeals.

ANALYSIS

Jones brings two claims on appeal. First, he argues that KORA violates the compelled speech doctrine contrary to the First Amendment of the United States Constitution. He asks this court to find KORA is facially unconstitutional, strike it from

2

existence, and relieve Jones of his duty to register. Second, he argues that by providing an exit mechanism to some offenders but not others without a rational basis for the distinction, KORA violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. He asks this court to extend the benefit of the exit mechanism to all offenders.

*Jones failed to properly preserve his argument that KORA violates the compelled speech doctrine of the First Amendment to the United States Constitution.*

Jones contends that the obligation to register as an offender under KORA violates his First Amendment rights to be free from compulsion to speak at the government's behest and to speak anonymously.

Jones raises his First Amendment claim for the first time on appeal. Generally, issues not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). Likewise, constitutional grounds for reversal asserted for the first time on appeal are not preserved. *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022). An appellate court generally does not review constitutional issues raised for the first time on appeal, though courts have recognized exceptions to this rule. *State v. Valdez*, 316 Kan. 1, 10, 512 P.3d 1125 (2022). Those exceptions include:  (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

Supreme Court Rule 6.02(a)(5) (2026 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). In *State v. Godfrey*,

301 Kan. 1041, 1044, 350 P.3d 1068 (2015), and *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Kansas Supreme Court warned that Supreme Court Rule 6.02(a)(5) would be strictly enforced, and litigants who failed to comply risked a ruling that the issue was improperly briefed and would be deemed waived or abandoned. See *Holley*, 315 Kan. at 524.

Jones does not directly acknowledge his failure to preserve his claim, nor does he invoke any of the three recognized exceptions to the preservation rule. Instead, Jones argues this court should reach this issue as a matter of original jurisdiction pursuant to K.S.A. 20-3001. He contends that section 18 of the Kansas Constitution guarantees him "justice without delay," and that this court's failure to use its "full jurisdiction" and reach the merits of his claim would violate that guarantee. He suggests that if this court requires additional facts necessary to complete review of the issues, it can retain jurisdiction, remand for an evidentiary hearing, and then reach the merits. See, e.g., *State v. Van Cleave*, 239 Kan. 117, 120-21, 716 P.2d 580 (1986) (ineffective assistance of counsel).

K.S.A. 20-3001 establishes the Kansas Court of Appeals and explains: "The court of appeals shall have such jurisdiction over appeals in civil and criminal cases and from administrative bodies and officers of the state as may be prescribed by law, and shall have such original jurisdiction as may be necessary to the complete determination of any cause on review." Jones argues that K.S.A. 20-3001 "provides this panel with all the original jurisdiction necessary to complete review of any issue—jurisdiction withheld from our Supreme Court." As Jones points out, the language concerning "'original jurisdiction'" from K.S.A. 20-3001 has been used in one opinion by a Kansas appellate court, in *State v. Delgado*. No. 109,601, 2014 WL 1707718, at *2 (Kan. App. 2014) (unpublished opinion).

In *Delgado*, the district court summarily denied the defendant's motion to withdraw his plea. The defendant filed a "'Motion for Extension of Time to File Motion'"

4

to the district court, and then he filed a notice of appeal before any ruling on the motion for extension. 2014 WL 1707718, at *2. The district court then summarily denied the defendant's motion for extension without considering the merits, ruling that it had lost jurisdiction when the defendant filed his notice of appeal. On appeal, the panel found that the district court had jurisdiction over the motion for extension because although the defendant had filed his notice of appeal, he had not yet docketed the appeal. Citing K.S.A. 20-3001, the panel stated: "Regardless, our court may consider Delgado's motion under our grant of 'such original jurisdiction as may be necessary to the complete determination of any cause on review.'" 2014 WL 1707718, at *2. The panel then considered the reasons offered by the defendant in his motion for extension and held that the defendant had failed to present a showing of excusable neglect. 2014 WL 1707718, at *3. Ultimately, the panel held that the district court did not err in summarily dismissing the defendant's motion to withdraw his plea. 2014 WL 1707718, at *4.

The *Delgado* panel cited K.S.A. 20-3001 for a different purpose than Jones asks this court to do. Unlike in this case, Delgado raised his arguments to the district court in his motion for extension, and the district court erroneously found that it lacked jurisdiction to respond to those arguments. The panel apparently believed that addressing those arguments was "'necessary to the complete determination'" of the cause on review, which is why it cited K.S.A. 20-3001. 2014 WL 1707718, at *2. In other words, to fully review the district court's dismissal of Delgado's motion to withdraw his plea, it needed to address the arguments Delgado made and the district court declined to address in the motion for extension. Here, however, Jones never made his argument to the district court, but he asks this panel to use K.S.A. 20-3001 as a basis for reaching the constitutional argument for the first time on appeal. Research does not reveal any Kansas appellate court which has relied on "'original jurisdiction'" as Jones suggests.

Even when a litigant demonstrates the applicability of an exception to the general rule against reaching an unpreserved issue, an appellate court is not bound to consider an

5

unpreserved issue for the first time on appeal. *State v. Genson*, 316 Kan. 130, 135-36, 513 P.3d 1192 (2022); *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020) ("The decision to review an unpreserved claim under an exception is a prudential one. Even if an exception would support a decision to review a new claim, we have no obligation to do so. [Citations omitted.]"). This court has repeatedly declined to exercise any prudential exception to consider similar claims for the first time on appeal. See, e.g., *State v. Spilman*, 63 Kan. App. 2d 550, 575, 534 P.3d 583 (2023) (collecting cases); *State v. Owens*, No. 125,919, 2024 WL 1005577, at *4 (Kan. App. 2024) (unpublished opinion); *State v. Pearson*, No. 125,033, 2023 WL 2194306, at *1 (Kan. App. 2023) (unpublished opinion), *rev. denied* 318 Kan. 1088 (2024).

In *Pearson*, the panel explained why it refrained from addressing a First Amendment challenge to KORA for the first time on appeal:

> "Identifying the compelling government interests KORA is meant to protect and then determining whether it is sufficiently narrowly tailored to serve those interests involves examining a host of issues best explored first at the district court level. Analyzing the proportionality of KORA requires an in-depth balancing of its benefits and costs, along with exploring potential alternatives to achieving those benefits and the accompanying costs and anticipated effectiveness of those alternatives. It may even involve evaluating KORA's effectiveness in protecting the compelling governmental interests it is meant to serve, which could involve the presentation of evidence and fact-finding. And '[f]act-finding is simply not the role of appellate courts.' [Citations omitted.]" 2023 WL 2194306, at *1.

Another panel of this court declined to review this argument while also noting that the argument had weak legal support. *State v. Masterson*, No. 124,257, 2022 WL 3692859, at *2 (Kan. App. 2022) (unpublished opinion). Like Jones, the defendant in *Masterson* asserted that failing to reach his First Amendment KORA issue would be imprudent because KORA effectively denied Kansans the full extent of their rights. The

6

panel declined to reach the issue for the first time on appeal, but stated, "Nevertheless, if we were to address this issue, it is legally and fatally flawed." 2022 WL 3692859, at *2.

The panel found that even if the compelled speech doctrine applied to KORA registration—which was not a certainty—federal courts provided highly persuasive guidance that KORA is narrowly tailored to a compelling government interest and would thus survive a strict scrutiny test, citing *United States v. Fox*, 286 F. Supp. 3d 1219, 1221-24 (D. Kan. 2018) (upholding the federal Sex Offender Registration and Notification Act [SORNA]). 2022 WL 3692859, at *2-3. The *Masterson* panel noted that like SORNA, KORA's federal equivalent, KORA has survived the strict scrutiny test in federal court. 2022 WL 3692859, at *2. See *Davis v. Thompson*, No. 19-3051-SAC, 2019 WL 6327420, at *3 (D. Kan. 2019) (unpublished opinion) (citing *United States v. Arnold*, 740 F.3d 1032, 1034 [5th Cir. 2014], and *Fox*, 286 F. Supp. 3d at 1221-24).

A law that compels speech satisfies strict scrutiny if the government can show that it has narrowly tailored the statute to serve compelling governmental interests. See *Reed v. Town of Gilbert*, 576 U.S. 155, 171, 135 S. Ct. 2218, 192 L. Ed. 2d 236 (2015). But as the *Pearson* court noted, "[i]dentifying the compelling government interests KORA is meant to protect and then determining whether it is sufficiently narrowly tailored to serve those interests involves examining a host of issues best explored first at the district court level." 2023 WL 2194306, at *1.

Jones notes that *Masterson* is not binding and argues that this court should not be persuaded by its reasoning. He argues that the federal cases cited in *Masterson* are unpersuasive because they do not sufficiently analyze KORA. However, as a panel of this court explained:

"But *Masterson* only illustrates the point expressed in *Spilman* and *Pearson* that fact-finding is necessary for proper consideration of the issues. The *Masterson* court

7

acknowledged that, thus far, persuasive authority weighs against holding that KORA is compelled speech and, even further, unconstitutional compelled speech. See *State v. Jones*, No. 124,174, 2023 WL 119911, at *5-6 (Kan. App.) (unpublished opinion) (holding that Jones asserted 'no novel arguments' to urge a different outcome from *Masterson*), *rev. granted* 317 Kan. 848 (2023). In other words, the legal arguments so far, whether considered weak or strong, are against Owens' position that KORA is unconstitutional compelled speech." *Owens*, 2024 WL 1005577, at *4.

The *Owens* panel thus concluded that raising the issue in the district court would allow for that necessary fact-finding, and "[b]ecause Owens raises the issue for the first time on appeal, this important step of preserving and fully litigating the argument has not been done." 2024 WL 1005577, at *4. As a result, the panel declined to address the issue on appeal. 2024 WL 1005577, at *4.

This panel declines to address Jones' argument for the first time on appeal for the same reasons set forth in *Pearson* and *Owens*—the resolution of Jones' issue requires factual development that should be done by the district court.

*Jones failed to properly preserve his argument that KORA violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.*

Jones argues that KORA violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by creating an exit mechanism for some offenders that is unavailable to other offenders. As with Jones' compelled speech argument, he brings this claim for the first time on appeal.

Like Jones' compelled speech argument, his equal protection argument requires additional factual development. We do note however, appellate courts apply a lower standard of review—the rational basis test—to equal protection challenges to a criminal statute. *Spilman*, 63 Kan. App. 2d at 576. In *Spilman*, the panel refused to consider the

defendant's equal protection claim because his challenge required additional fact-finding. Here, to apply the rational basis test, this court would need to determine whether similarly situated offenders are treated differently and whether the classifications used to do so bear a rational relationship to a legitimate government objective. See *Crawford v. Kansas Dept. of Revenue*, 46 Kan. App. 2d 464, 471, 263 P.3d 828 (2011). As the party challenging the classifications, Jones bears the onerous burden of negating every reasonable basis that might support the classifications. 46 Kan. App. 2d 464 at 471-72.

The record does not provide enough information about these classifications or the governmental objectives to fully analyze KORA. A number of panels have declined to address similar equal protection claims for the first time on appeal. See *Spilman*, 63 Kan. App. 2d at 576; *State v. Baker*, No. 126,151, 2024 WL 2873121, at *7-8 (Kan. App. 2024) (unpublished opinion), *rev. denied* 320 Kan. 863 (2025); *State v. Sears*, No. 125,031, 2024 WL 1228869, at *14 (Kan. App. 2024) (unpublished opinion), *rev. denied* 320 Kan. 867 (2025); *Owens*, 2024 WL 1005577, at *5); *State v. Harpe*, No. 124,732, 2023 WL 5992237, at *9 (Kan. App. 2023) (unpublished opinion), *rev. denied* 318 Kan. 1088 (2024). The reasoning in these cases is sound, and this panel likewise declines to consider Jones' equal protection challenge to KORA for the first time on appeal.

Appeal dismissed.